THE COÖPERATIVE ASSOCIATION OF THE PATRONS OF
HUSBANDRY OF BROWN COUNTY v. FREDERICK W.
ROHL, *et al.*

BOND TO STAY EXECUTION; *Action; Practice.* In an action on a bond
executed by the defendants to the plaintiff for a stay of execution pend-
ing proceedings in error in an action taken from the district court of
Brown county to the supreme court of the state, it is not a good defense
to the action to show that the proceedings in error in the supreme court
were instituted more than a year after the rendition of the judgment in
the district court, or to show that the parties entered into an agreement
whereby the defendants were not to prosecute any proceedings in error in
the supreme court, and the plaintiff was to waive execution for the period
of one year, which the plaintiff did, and that after more than one year
had elapsed the defendants did not pay the judgment but instituted pro-
ceedings in error in the supreme court to reverse the judgment, which
proceedings were afterward, on motion of the plaintiff, dismissed by the
supreme court.

*Error from Brown District Court.*

THE opinion states the nature of the action, and the facts.
Trial at the January Term, 1883, and judgment for the de-
fendants. The plaintiff *Association of the Patrons of Hus-
bandry* brings the case to this court.

*W. D. Webb*, for plaintiff in error.

*Jas. Falloon*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by the Coöp-
erative Association of the Patrons of Husbandry of Brown
county, against Frederick W. Rohl, Henry Meibach and Mrs.
W. J. Rohl, on a bond executed by the defendants to the
plaintiff for a stay of execution pending proceedings in error
in an action taken from the district court of Brown county to
the supreme court of the state by Frederick W. Rohl, to re-
verse a judgment rendered against him and in favor of the
plaintiff in this action. It is admitted by the defendants that
the bond sued on was executed by them, but they claim that

it was unauthorized; that it was executed without considera-
tion, and is void for reasons hereafter given. The court below
held it to be void, and the plaintiff brings the case to this
court for review.

It appears that on May 28, 1880, the said judgment was
rendered in favor of the plaintiff and against the defendant
Frederick W. Rohl; that afterward the plaintiff and Frederick
W. Rohl entered into an agreement by which Rohl was not
to prosecute any proceedings in error in the supreme court,
and the plaintiff was not to issue any execution on said judg-
ment prior to June 1, 1881, and Rohl was then to pay the
judgment. No execution was issued prior to June 1, 1881,
but Rohl, however, did not pay the judgment at the expira-
tion of that time, and on June 30, 1881, he instituted the said
proceedings in error in the supreme court for a reversal of the
judgment, and he, with the other two defendants, executed the
aforementioned bond. On November 4, 1881, the plaintiff
moved to dismiss said proceedings in error from the supreme
court, for the reason that they were not instituted in such
court within one year after the rendition of the judgment; and
for the further reason that the defendant Frederick W. Rohl,
had agreed to pay said judgment and costs; and the proceed-
ings were dismissed by the supreme court. Afterward and on
April 5, 1882, an execution was issued on said judgment, and
on May 18, 1882, it was returned unsatisfied, and on June
21, 1882, the plaintiff commenced this action upon the afore-
said bond.

The defendants claim that the bond is void for the reasons,
(1) that it was more than one year after the rendition of the judg-
ment before the proceedings in error in the supreme court were
instituted or the bond given, and that therefore the bond was
given at a time when the defendant had no right to institute any
such proceedings, and therefore that the bond was given without
any consideration, and was therefore void; (2) that the plain-
tiff and Frederick W. Rohl entered into an agreement whereby
Rohl was not to prosecute any proceedings in error in the
supreme court, and the plaintiff was to waive execution for the

period of one year, which time elapsed before the bond was given, and therefore the bond was given without any consideration, and was therefore void.

The defendants do not seem to urge any other defense to the bond, although it would appear that they did urge another defense in the district court, and although nearly the whole of the plaintiff's brief in this court is devoted to that defense. We shall consider only the defenses urged by the defendants in this court. We might however say that if the defendants had urged their other defense in this court the decision of this court upon that defense would be against them; and we might also say that the decision of this court upon all their defenses must be against them. It is true the defendant, Frederick W. Rohl, had no right to institute proceedings in error in the supreme court at the time when he did institute such proceedings in error; because, first, more than one year had elapsed after the rendition of the judgment before he instituted such proceedings in error, (Civil Code, § 556, as amended in 1881; Laws of 1881, ch. 126, § 2;) second, because the said Rohl had agreed for a sufficient consideration that he would not institute any such proceedings in error; but the fact that the said Rohl had no right to institute any such proceedings in error will not render the aforesaid bond void. The plaintiff had no right to ignore the proceedings in error. It was necessary for the plaintiff to appear in the supreme court and defend as to such proceedings; and in the meantime it would have been highly improper for the plaintiff to have had an execution issued to enforce said judgment.

We think there was sufficient consideration for the bond sued on; and the bond is not void. Therefore the judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.