A. T. & S. F. Rld. Co. v. Dougan.

THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. LEE DOUGAN *et al.*

1. EXECUTION—*Issuance, Not Enjoined.* A petition in error must be filed in this court within one year from the date of the order or judgment complained of; and the issuing of an execution upon such judgment cannot be enjoined after the lapse of one year because a case for this court has not been settled and signed within that time, owing to the fault or neglect of the defendant in error, even though the plaintiff in error might have been misled thereby.

2. CASE-MADE—*Suggestion, Not Misleading.* The suggestion of the attorney of a party that he may suggest amendments to the case served upon him at a time later than the date fixed by the court for settling and signing the same, is not sufficient in law to mislead the other party when no effort is made to obtain an order of the court or judge extending the time of settling and signing the case.

*Error from McPherson District Court.*

THE opinion states the case.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

*D. K. Cunningham,* for defendants in error.

Opinion by HOLT, C.: This action was brought to restrain the issuance and levy of execution in the case of Lee Dougan *v.* A. T. & S. F. Rld. Co., in which case judgment was rendered in favor of Dougan and against the railroad company, May 12, 1885, for $700 and costs. On defendant's application, it was given ninety days from said date to make and serve a case for the supreme court upon plaintiff, who was given five days thereafter to suggest amendments; and the case was to be settled and signed during the August term, 1885. On the 6th day of July, the case was delivered by the company to the clerk of the court, and a day or two after he handed it to Barker & Pancoast, attorneys for Dougan. No amendments were ever suggested by Dougan's attorneys, nor did they return the case-made to the clerk of the court, or the

attorneys for the railroad company, until the last of May, 1886; after a good deal of correspondence and suggestions the matter was delayed, and no case was presented to the court or the judge; and after the expiration of the year, the attorneys for Dougan issued an execution.　On the 18th day of June, 1886, the petition in this case was filed, and a temporary injunction allowed by the probate judge of McPherson county, and at the August term following, the temporary injunction was dissolved by the court.　The plaintiff brings the order here for review.

There was a judgment in the case of Dougan v. the Railroad Company on the 12th day of May, 1885; the petition in this action was filed June 18, 1886, more than a year after said judgment had been rendered, and no petition in error had been filed in the supreme court; and under §2, chapter 126, Laws of 1881, (Comp. Laws of 1885, ch. 80, §556,) the time had elapsed in which to bring action here.

The plaintiff claims that the statute named should not apply to them, because of the fraud of Pancoast, one of the attorneys for Dougan.　The court finds that Pancoast was not guilty of any fraud, deception or unprofessional conduct practiced upon the said Santa Fé Railroad Company, or its attorneys, and we believe that such finding is amply supported by the evidence in the record before us.　There were delays, suggestions and propositions made both by the attorneys for Dougan and for the railroad company, but none of them were in fact carried into effect, and the matter of presenting the case was allowed to drift along, probably without any intention of allowing it to go beyond the time permitted in which to bring the case here for review, until the year had fully elapsed.　Some suggestions had been made by the attorney, Pancoast, which the attorney for the railroad company seemed to rely upon.　It was about the time when the case should be presented to the judge and settled and signed, but there was no effort made to extend the time of settling and signing the case, and a part of the conversation and letters and suggestions were had after the time had elapsed at which the court had

fixed the date of settling and signing it.   It was simply a matter of neglect, for which the attorney for the defense is not any more responsible than the attorneys for the railroad company.   The acts of the defendant Pancoast may have been negligent, yet they were no excuse or justification for the delay of the plaintiff in presenting its case for settling and signing before the judge.   The time allowed it by the statute had elapsed through its own fault, and it must abide the result. (*Ætna Insurance Co. v. Koons*, 26 Kas. 215.)

This view of the case precludes us from examining the alleged errors in the action of Dougan *v.* A. T. & S. F. Rld. Co.; we therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.