F. R. NEWBERRY *et al.* v. THE ARKANSAS, KANSAS & COLORADO RAILWAY COMPANY.

1. QUASHING SUMMONS, *Reviewable.* A ruling quashing the summons, and setting aside the service made upon the defendant, is a final order which is reviewable in the supreme court.

2. RULING, *When not Reviewable.* Such a ruling is not available as error when more than one year has intervened between the making of the order and the commencement of proceedings in error.

3. RAILROAD COMPANY, *Action Against—Venue.* An action against a railroad company for injury to property upon the road or line of the company may be brought in any county through or into which the road passes; and, when rightly brought, the summons may be issued to any other county of the state, and there served upon the president of the company.

*Error from Ford District Court.*

ACTION by *F. R. Newberry* and another against the *Arkansas, Kansas & Colorado Railway Company.* The service of summons having been set aside, plaintiffs come here. The opinion states the facts.

*L. K. Soper,* for plaintiffs in error.

*J. F. Frankey,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: F. R. Newberry and Charles P. Noell filed a petition in the district court of Ford county, alleging that the defendant, the Arkansas, Kansas & Colorado Railway Company, in constructing and operating its railway through and over their premises, threw down their fences and left the premises unfenced and without cattle guards, on account of which corn and fodder were destroyed, and they were required to incur extra expense in the herding of cattle and horses kept within the inclosure, and one cow was killed, whereby they sustained loss and damage to the amount of $1,230. A summons was issued, directed to the sheriff of Ford county, which was returned by the sheriff as having been served upon D. M. Frost, the vice president of the company, and, afterward, the return was so amended as to state that he was the chief officer of the company in that county, the nominal president of the company being a nonresident, and no person having been designated by the company, as the law requires, upon whom process could be served. Testimony was offered upon the motion, by which it appeared that the defendant company had leased its entire property to another railroad company, and that it had no clerk or agent in charge of any station or other property, and had made no designation of any person upon whom to serve process. Other testimony was offered with respect to the duties of the vice president of the company and the place where the president resided. On May 16, 1889, the court sustained the motion, and set aside the service of summons. Another summons was duly issued, directed to the sheriff of Clark county, Kansas, commanding him to make service upon C. D. Perry, the president of the defendant company. The return, among other things, stated that a service had been made by leaving "a true copy of the within summons, with all the indorsements thereon, with the wife of the said C. D. Perry, president of the said defendant company, at his usual place of residence." The service was made by the undersheriff of the county. A

motion was made to quash the summons and set aside the service, upon the ground that the summons must be served in the county where the action is begun; that it had not been made upon C. D. Perry personally; and that it did not appear that service could not be made in Ford county. On August 7, 1889, the court sustained the motion and set aside the service. Afterward another summons was issued, directed to the sheriff of Clark county, directing service to be made on C. D. Perry, who returned that he had served the summons on September 2, 1889, by delivering a copy thereof, with the indorsements thereon duly certified, to the defendant railway company by delivering a copy of the same personally to C. D. Perry, the president of the defendant company. A motion was made to set aside the service of this summons, upon the ground that the court had no longer any jurisdiction of the case, for the reason that the plaintiff had made a case for the supreme court therein on the former rulings, and for the further reason that it did not appear that service of summons could not have been made in Ford county, nor in what place the service was made. This motion also was sustained. Exceptions were taken to each of the rulings, and each is assigned as a ground for reversal.

A ruling of the court quashing the summons and setting aside the service which had been made upon the defendant is a final order, which is reviewable in the supreme court. (Civil Code, §§ 542, 543.) It is difficult to see why the first service made upon the vice president of the company was insufficient, but as this ruling was not brought up for review within one year after it was made, it is not now an available error. The ruling was made on May 16, 1889, and the proceeding for reversal was instituted in this court on July 7, 1890. More than one year having intervened between the making of the order and the commencement of proceedings in this court, it comes within the bar of § 556 of the code, and is not reviewable.

The other rulings were based upon attempts to make serv-

1. Quashing summons, reviewable.

2. Ruling, when not reviewable.

ice upon the president of the railroad company, who resided in Clark county. Objection is made to the sufficiency of the service first made in Clark county, it being claimed that it was made upon Perry's wife instead of upon himself. Whatever may be said as to the sufficiency of the objection to this service, no substantial objection can be made against the last service made in Clark county. In that instance service was personally made upon the president of the company, and the record fairly shows that it was served in Clark county, Kansas. As this was an action for injury to property upon the road or line of the railroad company, the plaintiffs were authorized to bring it in any county through or into which the road or line passed. (Civil Code, § 50.) The action having been rightly brought in Ford county, the summons was properly issued to any other county of the state at the plaintiffs' request. (Civil Code, § 60.) A summons against a corporation may be served upon the president, as was done in this case, wherever he may be found in the state. (Civil Code, § 68.) The company had failed to designate any person upon whom process could be served, and, having transferred its entire property to another company, it had no officers or agents in the county in charge of its property upon whom service could be had. The fact that the plaintiffs had made a case for the supreme court prior to the last ruling setting aside the service will not affect the case nor deprive the plaintiffs of a review of such ruling. The judgment will be reversed, and the cause remanded for further proceedings.

3. Railroad company, action against—venue.

All the Justices concurring.