SUMNER *et al.* v. SHERWOOD.

No. 145.   Opinion Filed November 9, 1909.

(105 Pac. 642.)

**APPEAL AND ERROR—Time For Filing Petition in Error—Dismissal.**
Where more than one year has intervened between the rendi-
tion of a final order dismissing a cause and the filing of the pe-
tition in error in this court, the appeal will be dismissed for
want of jurisdiction.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County.*

Action by J. B. Sherwood against John Sumner and others.
Judgment for plaintiff in the Probate Court and appeal to the
District Court dismissed, and defendants bring error.   Dismissed.

*C. D. Watkins,* for plaintiffs in error.
*Jas. L. Brown,* for defendant in error.

HAYES, J.   This is an action in replevin brought originally by
defendant in error in the probate court of Oklahoma county,
where judgment was rendered in his favor before the admission of
the state.   From the judgment of the probate court, plaintiffs in
error, defendants in that court, appealed to the district court.
Upon motion of defendant in error, the district court, on April 22,
1906, rendered judgment dismissing the appeal.   On April 15,
1908, plaintiffs in error began this proceeding in error in this court
by filing herein their petition in error, accompanied by a tran-
script.   It thus appears that the proceeding in this court was not
begun within one year from the rendition of the judgment of dis-
missal in the lower court, as is required by section 4748, Wilson's
Rev. & Ann. St. 1903.   By reason of the provisions of said section
and the numerous decisions of this court construing the same, this
case must be dismissed.   *Court of Honor v. Wallace,* 23 Okla. 734,
102 Pac. 111; *McMurtry v. Bird et al.,* 23 Okla. 597, 101 Pac.
1117; *School District v. Fisher et al.,* 23 Okla. 9, 99 Pac. 646.

On April 26, 1906, after the rendition of judgment of dismissal, plaintiffs in error filed in the trial court a motion to set aside and vacate the judgment of dismissal. This motion has been improperly certified by the clerk as a part of the transcript of the record in the trial court. If the court ever acted upon this motion, the record before us does not contain his order thereon. Plaintiffs in error, however, complain in their assignment of errors of the action of the court in overruling said motion; but such action of the court, if made, could not be reviewed by this court, except by petition in error and case-made. Motions and orders thereon constitute no part of the record proper. *Devault v. Merchant's Exch. Co.,* 22 Okla. 624, 98 Pac. 342.

The cause will be dismissed.

All the Justices concur.