## MUSKOGEE ELECTRIC TRACTION CO. v. HOWENSTINE.

No. 5429. Opinion Filed January 27, 1914.

Rehearing Denied March 24, 1914.

(138 Pac. 381; 139 Pac. 524.)

1. **APPEAL AND ERROR** — Petition in Error — Time for Filing. Where more than six months has intervened between the rendition of the final order sought to be reviewed and the filing of the petition in error in the Supreme Court, this court has no jurisdiction to review such final order.

2. **SAME**—Review—Motion for New Trial—Dismissal. Where, six months after a final judgment is rendered, a second motion for new trial, under section 5035, Rev. Laws 1910, is filed and overruled, the sole question to be reviewed by this court is the ruling of the trial court on such second motion for new trial, and, in the absence of error in such ruling, the appeal must be dismissed.

### On Rehearing.

3. **APPEAL AND ERROR**—Petition in Error—Time for Filing. The petition in error must be filed in this court within six months after the rendition of the final order sought to be reviewed, and. if not filed in such time, this court has no jurisdiction to entertain the appeal.

4. **NEW TRIAL**—Motion—Time for Filing. Where, after the expiration of six months from a final judgment a second or other motion for new trial is sought to be filed in the trial court, such trial court is without jurisdiction to entertain the same, unless

it be that the ground of such motion is based upon newly dis-
covered evidence, in which case a motion for new trial can be
filed within one year after the rendition of final judgment.

5.     **SAME.** Where, as in this case, a motion for new trial was filed
after the expiration of six months from the rendition of final
judgment, and not based upon newly discovered evidence, it is
authorized by section 5037, Rev. Laws 1910, it is held that the
court was without jurisdiction to determine such motion, and
that the filing and entering of such motion by the court afforded
no relief to plaintiff in error, defendant below.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by E. J. Howenstine against the Muskogee Electric
Traction Company. Judgment for plaintiff, and defendant brings
error. Dismissed.

*Blakeney & Maxey,* for plaintiff in error.

*Head & Daniels,* for defendant in error.

LOOFBOURROW, J. On January 25, 1913, final judg-
ment was rendered in the above cause against the plaintiff in
error, to which exceptions were saved and time allowed to per-
fect an appeal; on July 25, 1913, the time for filing petition in
error and case-made in this court expired. It has repeatedly
been held that, after the expiration of the time allowed by law
for perfecting the appeal, this court is without jurisdiction to
entertain the same. See *Tishomingo Elec. Co. v. Harris,* 28
Okla. 10, 113 Pac. 713; *Fairbanks-Morse & Co. v. Thurmond
et al.,* 31 Okla. 612, 122 Pac. 167; *Healy v. Davis,* 32 Okla. 296,
122 Pac. 157; *State Savings Bank of Manchester, Iowa, v. Bed-
den et al.,* 38 Okla. 444, 134 Pac. 20.

On July 28, 1913, plaintiff in error was granted leave to file
a second motion for new trial. The fifth ground of the same
is as follows:

"Because without the fault of the defendant, the party com-
plaining herein, it becomes and is impossible to make case-made
for appeal in said action."

Section 5035, Rev. Laws 1910, provides as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The section above quoted is the same as section 4198, St. Okla. 1893, except the clause "or impossibility of making case-made" is inserted in the revised law. Supporting this motion was the affidavit of counsel, B. B. Blakeney; the substance of the affidavit being as follows: That B. B. Blakeney and J. H. Maxey are law partners and attorneys for the plaintiff in error; that they appeared for and were the attorneys for plaintiff in error in this case; that from January, 1913, until two weeks preceding August 4, 1913, Mr. Maxey was continuously out of his law office and engaged as Speaker of the House of Representatives, and that Mr. Blakeney had been entirely attending to the business of plaintiff in error, and particularly this case; that he served a case-made in this action upon the attorneys for defendant in error on May 13, 1913; that he examined the case-made and found it correct, except one exhibit was omitted which he was unable to find; that later he concluded the exhibit was indispensable to an appeal of the case; that he made every effort to get the exhibit from the stenographer, who stated from time to time that he had mislaid the exhibit and thought he could find it; on the 21st day of July the stenographer informed him that he had found the exhibit, but counsel was engaged in the trial of a case and told him he would get it; that he proceeded with the trial of the case in which he was then engaged, at which time he received a telegram from his wife in Winslow, Ark., stating that one of his children was very sick and he would have to come; that he finished the trial of the case in which he was then engaged and left Muskogee; that in the hurry and excitement incident to finishing the trial of the case and arranging the trip to Arkansas he overlooked taking the exhibit, and his attention was not called to it until the 27th day of July, when he returned to Muskogee and filed his motion. In addition to this affidavit

the trial court heard the testimony of Mr. Blakeney and of Mr. Williams, reporter for the superior court of Muskogee; the latter testifying as follows:

"Q. Did you ever tell Mr. Blakeney it (the exhibit) had been misplaced or lost? A. I have no recollection of telling him that. It might have been that during the trial of some case I told him I would get it for him, but the circumstances would be against that, because I knew where the plat was from the time it was turned over in my possession, and I have no recollection of having made that statement. Q. Could he have obtained it from you any time he had asked for it? A. Yes, if he had come to me at the time; he may have asked me for it during the trial of a case and maybe I didn't have time to put my hands on it at that time, but, as he suggested, I don't think I ever told him that it was misplaced. Q. Could he have obtained it any time he called at your office and asked for it? A. Yes, provided I was not engaged in the trial of a case."

At the close of this testimony the court overruled the second motion for a new trial, to which ruling the plaintiff in error excepted, and the time to make and serve a case-made was extended a period of four days; defendant in error was given three days after service of same to suggest amendments. Petition in error and case-made was filed in this court on August 5, 1913.

The question of the impossibility of making the case-made was one of fact to be determined by the trial court, and that court, after hearing the evidence in support of the motion and being fully advised in the premises, found against plaintiff in error, and we think the testimony fully supports such finding. The filing of the second motion for a new trial did not toll the six months' statute of limitations, and the time for appeal having expired, the second motion for new trial being properly overruled, the trial court was without power to grant an extension after the time had expired for filing the appeal. See *Mutual Trust Co. et al. v. Farmers' Loan & Security Co.,* 27 Okla. 414, 112 Pac. 967; *Maddox v. Drake,* 27 Okla. 418, 112 Pac. 969; *Lathim v. Schlack,* 27 Okla. 522, 112 Pac. 968.

The appeal is therefore dismissed.

All the Justices concur.

## On Rehearing.

Petition denied.

RUSSELL, J. On January 27, 1914, the opinion of the court in this case was filed dismissing the appeal of the plaintiff in error, and on February 16, 1914, plaintiff in error filed its petition for rehearing against the action of the court dismissing its appeal, and said matter is now before us for determination. We have carefully examined the opinion of the court, as well as the petition for rehearing of plaintiff in error, and we are unable to come to any other conclusion than the one heretofore reached.

In addition to what has been said in the opinion of the court, it may not be amiss to enlarge somewhat upon the case as stated. It appears from the record that the defendant in error recovered a judgment in the superior court of Muskogee county against plaintiff in error. A motion for new trial was duly filed, and on January 25, 1913, judgment overruling the motion for new trial was rendered, to which action of the court exceptions were allowed and 90 days' time given to serve case-made. It seems that before the expiration of this time the court extended the time for the service of said case-made to May 15, 1913. No such effort as the law requires was made to file a case-made in this court under the statute (Gen. St. 1893, c. 66, sec. 574, as amended by Sess. Laws 1910-11, c. 18), which reads as follows:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of. * * *"

The six months from the rendition of the final judgment in the case, within which plaintiff in error had the right to file its petition in error and case-made in this court, expired on July 25, 1913.

It is shown by the record that the plaintiff in error (defendant below), by permission of the court, filed in said trial court, on the 28th day of July, 1913, what is termed its second motion for a new trial. The motion made to the trial court is based upon the allegation that the delay was "because of unavoidable casualty, which occurred without the fault of the complaining party, and by which it was impossible to make the case-made for appeal," and it was upon this motion that the court permitted the filing of the second motion for a new trial, as shown by the order, page 156 of the record, and in which order the court required notice of a hearing to be given to the plaintiff (now defendant in error), and the same to be heard and determined by the court. The plaintiff filed his motion to dismiss and strike from the files the defendant's second motion for a new trial. The former motion was denied by the court, and evidence heard on the latter. At the hearing on said motion, Mr. B. B. Blakeney, an attorney of record for plaintiff in error, testified in substance as set forth in the opinion of the court to which this petition for rehearing is directed.

It will be observed that the second motion for a new trial in this case is not based upon newly discovered evidence, or even an intimation of newly discovered evidence, and as to this we say that a motion for a new trial, based upon newly discovered evidence, is in time if filed within one year from the final judgment of the lower court, whether an appeal has been perfected or not. We mean to say that when a party seeks to bring himself under the provisions of section 5037, Rev. Laws 1910, when the procedure is followed as therein directed, the petitioner for a new trial, based upon the grounds of newly discovered evidence, shall file his motion within one year after the final judgment is rendered. The honorable superior court of Muskogee county, as we construe the law, was without jurisdiction to have filed and entertain the second motion for a new trial contained in this record upon the grounds therein stated, or upon any other ground than that of newly discovered evidence. It has been held over and over again by decisions of this court that are familiar to the profession that a trial judge cannot make an order extending

the time for serving a case-made after the expiration of the time originally given. Such an order, if made, must be made before the expiration of the time given. Now, if a court is without jurisdiction to grant such an order of extension after the expiration of the time given (that is, make the order after the time has expired), how can it be urged that, after the time has expired for filing the appeal in this court, a motion for a new trial is permitted, and thereby seek to do indirectly that which the law forbids being done directly? The honorable trial court evidently was of the opinion that it was within its discretion to grant or refuse the filing of a motion for a new trial after the expiration of six months from final judgment upon grounds other than newly discovered evidence, and that its judgment overruling said motion carried with it the authority to further extend the time to serve a case-made, which, of course, involves the time to file a petition in error in this court. Being without jurisdiction to entertain the motion for the causes alleged therein and to render a judgment upon the motion such as would avoid the rule upon such matter, the action taken is without authority and afforded no relief to plaintiff in error. Plaintiff in error in its contention, in support of its petition for rehearing, urges that:

"It is a matter of no concern whether that motion was a first motion, a second motion, or a third motion. The trial court had the power, as has been frequently stated by this court, to permit, upon proper showing, a motion to be filed after the three days, and after the term. The court exercised its power, and the motion therefore became a proper pleading duly filed in that court for the consideration of that court, and from the action of that court an appeal would be prosecuted, and the question involved reviewed. This court would not be justified in determining whether the order granting leave to file a motion for a new trial was erroneous or not, for two reasons: First, the matter is not brought to this court for a review; and, secondly, the record does not contain the showings made with reference thereto, and the court would be unable to determine whether the trial court had acted right or wrong."

Our answer to this contention is found in what we have already stated, and we may add that, in so far as the numerical designation of the motions is concerned, it is immaterial, so they

are filed and presented in time. To repeat, we say again that the time for filing case-made and petition in error in this court had expired before plaintiff in error filed its second motion for a new trial, and therefore the court was without jurisdiction to entertain it and could grant no relief under it, except upon the condition that it was brought under section 5829, Comp. Laws 1909 (being section 5037, Rev. Laws 1910) ; in other words, upon the ground of newly discovered evidence, and for this ground they had twelve months from the final judgment in which to file the motion. Sections *supra*.

Section 5035, Rev. Laws 1910, provides as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The grounds alleged in the motion, read in connection with the above statute, do not furnish a reason for the delay, and as is well said by the court in its former opinion:

"The question of the impossibility of making the case-made was one of fact to be determined by the trial court, and that court, after hearing the evidence in support of the motion and being fully advised in the premises, found against plaintiff in error, and we think the testimony fully supports such finding. The filing of the second motion for a new trial did not toll the six months' statute of limitations (which is as stated in section 574, *supra*), and the time for appeal having expired, the second motion for a new trial being properly overruled, the trial court was without power to grant an extension after the time had expired for filing the appeal."

Referring to the testimony taken upon the hearing of the second motion for new trial, it is readily seen that the cause alleged for the delay in not filing the case here was because a plat used on the trial of the case was lost, and, this being the reason assigned by plaintiff in error, the burden was upon it to show it, and with the testimony offered the evidence of the court reporter

is directly in conflict, and, even if this were the issue upon which this petition for rehearing hinged, it could not be allowed.

The judgment of this court dismissing the appeal is affirmed, and the petition for rehearing thereon is denied.

All the Justices concur.