# COMANCHE MERCANTILE CO. v. CURLEE CLOTHING CO.

### No. 3949.   Opinion Filed September 22, 1914.

### (143 Pac. 190.)

**APPEAL AND ERROR—Dismissal—Time of Taking Appeal.** Where the petition in error is not filed in the Supreme Court within six months from the rendition of the judgment or final order complained of, this court is without jurisdiction to review such judgment or final order, and the same will be dismissed.

(Syllabus by Galbraith, C.)

*Error from County Court, Comanche County;*

*W. H. Admire, Judge.*

Action by the Curlee Clothing Company against the Comanche Mercantile Company. Judgment for plaintiff, and defendant brings error. Dismissed.

*H. B. Lockett,* for plaintiff in error.

*Wilkinson & Morris* and *Nicholas & Lyle,* for defendant in error.

Opinion by GALBRAITH, C. This action was commenced in the county court of Comanche county on a verified account for goods, wares, and merchandise alleged to have been sold and delivered. A general demurrer was filed to the petition. This was overruled, and judgment entered· in favor of the plaintiff, May 8, 1911. The record does not show the exact date the motion to vacate the judgment and for a new trial was filed. However, it does appear that this motion was denied May 16, 1911, and exception saved, and time taken to make and serve case-made for appeal to this court.

The petition in error and case-made was filed in this court on May 9, 1912. A motion to dismiss the appeal has been interposed, and a number of grounds set out therein. It will be necessary to consider only one of these; that is, that the appeal was not per-

fected within the time allowed by statute. The Act of February 14, 1911 (Sess. Laws 1911, c. 18), amending section 574 of the St. of Okla. 1893, reads as follows:

"Section 574. All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of: Provided, that in case the person entitled to such proceedings be an infant, a person of unsound mind or imprisoned, such person shall have six months, exclusive of the time of such disability, to commence proceedings."

The proceeding on appeal in this case was not commenced "within six months from the rendition of the judgment or final order complained of," and was therefore not commenced within the time prescribed by statute.

In *State Savings Bank, etc., v. Bedden et al.,* 38 Okla. 445, 134 Pac. 20, the court, after quoting the above statute, said:

"This is jurisdictional; and where, as here, more than six months has elapsed, this court is without authority to review the action of the trial court. *Wedd v. Gates,* 15 Okla. 602, 82 Pac. 808; *Tishomingo, etc., v. Harris,* 28 Okla. 10, 113 Pac. 713; *Fairbanks-Morse & Co. v. Thurmond et al.,* 31 Okla. 612, 122 Pac. 167; *Healy v. Davis,* 32 Okla. 296, 122 Pac. 157."

See, also, *Gaskin v. Simmons-Burke Clothing Co.,* 38 Okla. 228, 132 Pac. 821; *Gaskin v. Cleveland Woolen Mills,* 38 Okla. 229, 132 Pac. 821.

Upon the foregoing authorities, we conclude that the motion to dismiss the appeal is well taken, and should be sustained.

By the Court: It is so ordered.