SCHOOL DIST. NO. 38 v. MACKEY, *County Treasurer.*

No. 3687. Opinion Filed December 8, 1914.

(144 Pac. 1032.)

1. **APPEAL AND ERROR—Trial on Agreed Statement—Time for Making and Serving Case-Made.** Where a case is tried upon an agreed statement, which eliminates all questions of fact, a motion for a new trial is unauthorized by statute, and the time for making and serving a case-made for this court runs from the date of the rendition of judgment. unaffected by such motion or the order overruling the same.

2. · **SAME.—Dismissal.** According to the law in force at the time, a party desiring to appeal had three days by statute in which to serve a case after a judgment or order was entered, and unless such case was served within that time, or within an

extension of time allowed by the court or judge within such time, the case will not be considered by this court.

3.   **SAME—Time for Appeal—Dismissal.** Under chapter 18, Laws 1910-11, proceedings in error in the Supreme Court must be brought within six months from the date of the rendition of the judgment or order from which the appeal is sought to be taken, and when not so brought, this court is without jurisdiction to review such final order.

(Syllabus by Sharp, C.)

*Error from District Court, Hughes County;*

*John Caruthers, Judge.*

Mandamus by School District No. 38, Hughes county, state of Oklahoma, on the relation of F. M. Hale, director of the school board for said district, against B. W. Mackey, county treasurer. Judgment for defendant, and plaintiff brings error. Appeal dismissed.

*W. P. Langston,* for plaintiff in error.

*J. R. Witty* and *Mann, Rogers & Harris,* for defendant in error.

Opinion by SHARP, C. On January 30, 1911, plaintiff instituted an action in the district court of Hughes county, seeking a writ of mandamus to compel the defendant, B. W. Mackey, treasurer of Hughes county, Okla., to pay a certain warrant in the sum of $479.41, drawn upon the treasurer of Hughes county, in favor of School District No. 38 of Hughes county. On March 4th thereafter, defendant filed his answer, to which a demurrer was filed June 29, 1911, and on the same day an agreed statement of facts was filed with the clerk of the court. On August 7, 1911, the case came on to be heard upon the pleadings filed and the agreed statement of facts, and, after consideration thereof, the court entered its judgment denying plaintiff the relief sought, and dismissed its petition. On the same day motion for a new trial was filed, but was not heard or disposed of until the 18th day of September following, when the motion was overruled, and plaintiff was given 90 days therefrom in which to make and serve a case-made for appeal. On Novem-

ber 4th thereafter, case-made was served upon opposing counsel, and the case signed and settled by the trial court on November 20th following.

The petition in error, with case-made attached, was filed in this court on March 13, 1912. Motion has been filed to dismiss plaintiff's appeal, on account of the fact that the petition in error was not filed in this court within six months from the date of the rendition of the judgment appealed from. The motion must be sustained. A motion for a new trial, where a case is tried upon an agreed statement of facts, is unnecessary, hence the filing of such motion does not serve the purpose of extending the statutory time in which to serve a case after judgment. The only order extending the time for serving the case was made 42 days after the rendition of the judgment, hence after the expiration of the time fixed by statute. In *Board of County Commissioners v. Porter et al.,* 19 Okla. 173, 92 Pac. 152, in passing upon the question before us, it was said by the court:

"The case was submitted upon the pleadings and an agreed statement of facts. There was no necessity for a motion for a new trial. The case went to the court upon a question of law, the facts being settled by stipulation, and the overruling of the motion for new trial saved no question for review, and, even had an extension been given at the time the motion for new trial was overruled, it would be unavailing in this character of a case."

See, also, *Stanard v. Sampson et ux.,* 23 Okla. 13, 99 Pac. 796; *Chicago, R. I. & P. Ry. Co. v. City of Shawnee,* 39 Okla. 728, 136 Pac. 591. See, also, Kansas cases to the same effect cited in foregoing opinions.

As the proceedings in error were not commenced in this court until more than six months after the rendition of the judgment, this court is without jurisdiction to review the judgment of the lower court. *Sumner et al. v. Sherwood,* 25 Okla. 70, 105 Pac. 642; *Tishomingo Electric Light & Power Co. v. Harris,* 28 Okla. 10, 113 Pac. 713; *State Savings Bank, etc., v. Beden et al.,* 38 Okla. 444, 134 Pac. 20; *Malloy v. Johnson et*

*al.,* 40 Okla. 454, 139 Pac. 310; *Muskogee Electric Traction Co. v. Howenstine,* 40 Okla. 543, 138 Pac. 381, 139 Pac. 524; *May v. Roberts,* 40 Okla. 659, 140 Pac. 399.

The former action of the court in denying the motion to dismiss should be overruled, and the appeal dismissed.

By the Court: It is so ordered.