### HOWARD et al. v. ARKANSAW et ux.

No. 6648—Opinion Filed June 20, 1916.·
(158 Pac. 437.)

**1. Appeal and Error—Jurisdiction—Supreme Court.**

The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction.

**2. Appeal and Error—Petition in Error—Time to File—Jurisdiction—Dismissal.**

Where the petition in error is not filed in the Supreme Court within six months from the rendition of the judgment or final order complained of, this court is without jurisdiction to review such judgment or final order, and the same will be dismissed.

(Syllabus by Davis, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by Freeman Arkansaw and wife against V. J. Howard and others. Judgment for plaintiffs, and defendants bring error. Dismissed.

Sigler & Howard, for plaintiffs in error.

T. L. Wright and Rider & Hurt, for defendants in error.

Opinion by DAVIS, C. We have raised the following judicial questions sua sponte, as it is our sworn and bounden duty to do under the law, after a careful examination of the record in this cause:

"The fundamental question of jurisdiction, first, of the appellate court, and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court, whether propounded by counsel or not." Defiance Water Co. v. Defiance, 191 U. S. 184, 24 Sup. Ct. 63, 48 L. Ed. 140; Cutler v. Rae, 7 How. 729, 8 How. 615, Appx., 12 L. Ed. 890, 1221; McKinney v. Carroll, 12 Pet. 66, 9 L. Ed. 1002; Perez v. Fernandez, 202 U. S. 80, 26 Sup. Ct. 561, 50 L. Ed. 943; Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510. 28 L. Ed. 462; Bors v. Preston, 111 U. S. 252, 4 Sup. Ct. 407, 28 L. Ed. 419; Thomas v. Ohio State University, 195 U. S. 211, 25 Sup. Ct. 24. 49 L. Ed. 164; Myers v. Berry, 3 Okla. 617, 41 Pac. 580; Cummings v. McDermid, 4 Okla. 272, 44 Pac. 276; Beach v. Beach, 4 Okla. 359, 399, 46 Pac. 514; Parlin v. Schram. 4 Okla. 651, 655, 46 Pac. 490; Parker v. Lynch et al.,

7 Okla. 650, 653, 656, 56 Pac. 1082; Rhyne v. Manchester Assurance Co., 14 Okla. 555, 78 Pac. 558; Brown on Jurisdiction, sec. 10.

The record discloses that this case was tried in the district court of Marshall county, Okla., on December 22, 1913. Judgment was rendered for defendants in error, plaintiffs below, on January 20, 1914. A motion for a new trial was duly filed, presented, heard, and overruled on January 20, 1914, and exceptions duly saved. Petition in error with case-made duly attached was filed in this court on July 21, 1914.

It thus becomes manifest that this court has no jurisdiction to hear and determine this cause on appeal for the obvious reason that the proceeding in error was not commenced in this court within six months from the rendition of the judgment or final order complained of herein. In view of the provisions of chapter 18, p. 35, Session Laws 1910-11, wherein it is provided that all proceedings in error for reversing, vacating, or modifying judgments or final orders shall be commenced within six months from the rendition of the judgment or final order complained of, the proceeding in error in this cause was not filed in time, and the court is thereby rendered absolutely jurisdictionless and powerless to entertain the appeal, and the appeal and proceedings in error must be dismissed.

This is no longer an open question under our statutes and the decisions of this court, but is firmly fixed and determined in our appellate practice and procedure in this jurisdiction. State Savings Bank, etc., v. Bedden et al., 38 Okla. 445, 134 Pac. 20; Wedd v. Gates, 15 Okla. 602, 82 Pac. 808; Tishomingo, etc., v. Harris, 28 Okla. 10, 113 Pac. 713; Fairbanks, Morse & Co. v. Thurmond et al., 31 Okla. 612, 122 Pac. 167; Healy v. Davis, 32 Okla. 296, 122 Pac. 157; Gaskin v. Simmons-Burke Clothing Co., 38 Okla. 228, 132 Pac. 821: Gaskin v. Cleveland Woolen Mills, 38 Okla. 229, 132 Pac. 821; Comanche Mer. Co. v. Curlee Clothing Co., 44 Okla. 73, 143 Pac. 190·; Summer et al. v. Sherwood, 25 Okla. 70, 105 Pac. 642; Malloy v. Johnson et al., 40 Okla. 454, 139 Pac. 310; Muskogee Elec. Tr. Co. v. Howenstine, 40 Okla. 543, 138 Pac. 381, 139 Pac. 524; May v. Roberts, 40 Okla. 659, 140 Pac. 399; Gladney v. Richardson et al.. 44 Okla. 102, 143 Pac. 683; School Dist. No. 38 v. Mackey, County Treas., 44 Okla. 408, 144 Pac. 1032; Keokuk Falls Imp. Co. v. Beale, 4 Okla. 712, 47 Pac. 481; Blanchard v. United States, 6 Okla. 587, 52 Pac. 736; Vandervoort v. Board of Comr's, 8 Okla. 227, 57 Pac. 167; Hoffman v. Board of Com'rs, 8 Okla. 225, 57 Pac. 167.

This was the fixed and settled construction of the original section of our Code of Civil Procedure, which formerly allowed twelve instead of six months for commencing proceedings in error, by the Supreme Court of the state of Kansas; said original section having been adopted from the Code of Civil Procedure of that state. Co-operative Association v. Rohl, 32 Kan. 665, 5 Pac. 1; Newberry v. A. K. & C. Ry. Co., 52 Kan. 615, 35 Pac. 210; A., T. & S. F. Ry. Co. v. Dougan, 39 Kan. 181, 17 Pac. 811; McDermott v. Loftus, 27 Kan. 68; Bennett v. Dunn, 27 Kan. 194; Lamme v. Schilling, 25 Kan. 92; Morell v. Massa, 1 Kan. 224; and authorities cited in these opinions.

For the reasons stated herein, this appeal and proceedings in error are dismissed.

By the Court: It is so ordered.