**J.E. SPENCER & ASSOCIATES, INC., a corporation, Appellant,**

v.

**CUSTOM AIRMOTIVE, INC., a corporation, Defendant,**

and

**Yellow Freight Systems, Inc., a corporation, Appellee.**

No. 69114.

Court of Appeals of Oklahoma, Oklahoma City Divisions.

July 19, 1988.

John M. Freese, Freese & March, P.A., Tulsa, for appellant.

Stephen C. Wilkerson, Knight, Wagner, Stuart, Wilkerson & Lieber, Tulsa, for appellee.

MEMORANDUM OPINION

BAILEY, Judge:

Upon consideration of the briefs, exhibits and record in the above styled matter, the Court FINDS:

1. Appellant seeks review of the Trial Court's order granting partial summary judgment to Appellee in Appellant's action to recover actual and consequential damages incurred to an aircraft engine during shipment from Defendant to Appellant via Appellee. The Trial Court held that Appellee's liability, if any should be determined, was limited by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. 11707, and granted partial summary judgment to Appellee on the issue of limitation of damages. Appellant seeks review.

2. The ruling of the Trial Court on Appellee's motion for partial summary judgment resolved only one issue of the case, leaving remaining issues between the parties to be determined. The challenged order thus does not have the requisite "finality" so as to come within the definition of "final appealable order" contained in 12 O.S.1981 § 953, or Rule 1.11, Rules of Appellate Procedure, 12 O.S.1986 Supp., Ch. 15, App. 2. *Reams v. Tulsa Cable Television, Inc.*, 604 P.2d 373 (Okl.1979). Nor was the order granting partial summary judgment approved by the Trial Court as an "certified interlocutory order" under Rules 1.50 and 1.51, Rules of Appellate Procedure, 12 O.S. 1981 & 1984 Supp., Ch. 15, App. 2, appealable by Petition for Certiorari to the Supreme Court. The Trial Court's order is not, therefore, subject to review by the appellate courts at this time. *Reams v. Tulsa Cable Television, Inc.*, supra.

This appeal is therefore DISMISSED.

HUNTER, P.J., and GARRETT, J., concur.