Carl Ray SHACKELFORD, Plaintiff,

v.

AMERICAN AIRLINES, INC., Appellee,

v.

ALLOY WELDING SUPPLY,
INC., Appellant.

No. 85990.

Court of Appeals of Oklahoma,
Division No. 1.

March 29, 1996.

Ronald D. Wood, Gerald M. Bender, Thomas A. LeBlanc, Tulsa, For Appellant.

Galen L. Brittingham, James N. Edmonds, Tulsa, For Appellee.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

Appellee American Airlines, Inc. [American] contracted with Appellant Alloy Welding Supply, Inc. [Alloy Welding] in 1990 to obtain "blackout curtains" for American's FPI Inspection Room at its maintenance facility in Tulsa. After receiving two quotes for the job from Alloy Welding, American sent Alloy Welding a "confirming" purchase order for the curtains, which included a printed indemnity clause in American's favor on the reverse side. Consistent with its second proposal, which American accepted, Alloy Welding subcontracted for fabrication and installation of the curtains with a third party. During installation, Shackelford, one of the subcontractor's employees, injured his arm and hand when he touched an electrified monorail serving an overhead crane. He sued American to recover for his injuries, and American impleaded Alloy Welding, alleging that Alloy Welding had breached its contract with American by entering into the subcontract without American's consent, and also seeking indemnity under the clause in the purchase order for any damages adjudged against American and its defense costs and attorney fees.

The trial court granted a Rule 13 motion[1] by American and denied a cross-motion by Alloy Welding, holding the contract was governed by Oklahoma common law (not by the article on sales of goods in the Uniform Commercial Code) and that American was entitled to indemnity from Alloy Welding according to the terms of the indemnity clause. The order made no express mention of American's breach of contract claim. The trial court later amended its order to add language from 12 O.S.Supp.1993 § 994(A)— that there was "no just reason for delay" and that final judgment should be entered in favor of American. From the amended order, Alloy Welding commenced this appeal.

We have considered the question of our appellate jurisdiction *sua sponte*, and now decide that Alloy Welding's appeal should be dismissed because the trial court's summary adjudication order does not constitute an appealable disposition.

Section 994 affords a trial court the power to dispatch some part of the case before it for immediate appeal by directing entry of an appealable "judgment" as to fewer than all claims or fewer than all parties. The trial court is used in this way as a dispatcher. "[The trial court] is permitted to determine, in the first instance, the appropriate *time when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297 (1956) (emphasis original).

However, an appellate court is not required to accept a trial court's direction for entry of judgment. For example, as the United States Supreme Court has stated in a case involving the federal rule upon which § 994 was modeled,[2] "The District Court *cannot*, in the exercise of its discretion, treat as 'final' that which is not 'final' ..." *Sears*, 351 U.S. 427, 437, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956) (emphasis original).

A district court must first determine that it is dealing with a "final judgment." It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an

---

1. Rule 13, Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App.

2. Fed.R.Civ.P. 54(b).

individual claim entered in the course of a multiple claims action."

*Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980), quoting from *Sears,* 351 U.S. at 436, 76 S.Ct. at 900. And, most important for this case is this comment from the drafters of § 994 (originally enacted as 12 O.S.1991 § 1006): "[T]he trial court may not direct the filing of a separate judgment on only part of a claim or right to relief." Committee Commentary to S.B. No. 811, *Judgments and Appeals in Oklahoma* at IX–29 (OBA–CLE 1990). The trial court must exercise its discretion to decide whether resolution of the some part of the underlying matrix of claims and parties should be appealed; but an appellate court retains the power to reverse the trial court's certification for abuse of discretion. *Sears,* 351 U.S. at 437, 76 S.Ct. at 900–01.

■ This Court's appellate jurisdiction is generally defined in 12 O.S.1991 § 952, but is also limited thereby. We may only reverse, vacate, or modify a "judgment" or a "final order," or any order which affects a substantial part of the merits of the controversy, and this last only when the trial court certifies that an immediate appeal would materially advance the ultimate termination of the litigation. As a court of review we are obliged to inquire, on our own motion if necessary, into jurisdictional matters—our jurisdiction to consider an appeal and also the jurisdiction of the court or other adjudicative body whence the appeal came. *Lincoln Bank & Trust Co. v. Oklahoma Tax Comm'n,* 827 P.2d 1314, 1317 (Okla.1992); *Howard v. Arkansaw,* 59 Okla. 206, 158 P. 437, 437 (1916).[3]

Concerned that the trial court's summary adjudication order did not properly give rise to our appellate jurisdiction, the court ordered Alloy Welding to show cause why the appeal should not be dismissed, notwithstanding the trial court's express finding of no just reason for delay and its direction for entry of judgment. It appeared that this appeal was premature in the absence of a decision or verdict disposing of Shackelford's negligence claim, which might render most or all of American's indemnity claim moot,[4] and that the trial court's order was neither a judgment, nor a final order, nor a certified interlocutory order. So, in our show cause order we also directed Alloy Welding to specifically address the question whether this appeal was proper in the absence of, and apart from, resolution of Shackelford's underlying tort claim against American.

A judgment is defined by statute as "the final determination of the rights of the parties in an action." 12 O.S.1991 § 681. Clearly, the trial court's decision that American was entitled to enforce the indemnity clause against Alloy Welding was *not* a judgment. In response to our show cause order, Alloy Welding argued that the trial court's order was a "final order" under 12 O.S.1991 § 953,[5] because the order affected Alloy Welding's substantial rights and determined American's third-party action, and effectively precluded a judgment in Alloy Welding's favor on the third-party claims. That argument is also clearly wrong. The trial court decided only that American was entitled to indemnity from Alloy Welding. Partial disposition of the third-party indemnity claim— a decision on liability without a determination of damages, and also without reference to American's breach of contract claim—lacks the requisite finality to be a final order. *See J.E. Spencer & Assoc., Inc. v. Custom Airmotive, Inc.,* 761 P.2d 1297, 1297 (Okla.App. 1988) ("partial summary judgment" that Car-

---

**3.** *See also Board of Library Trustees v. State ex rel. Petuskey,* 825 P.2d 1285, 1288 (Okla.1991), and authorities cited there.

**4.** *See Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 592 (7th Cir.1990) ("A significant possibility that the claim will go away ... makes improvident the parties' and the judges' investment of resources to produce a speedy appellate ruling."); *and cf., Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,* 807 F.2d 1279, 1283–85

(6th Cir.1986); *McMunn v. Hertz Equip. Rental Corp.,* 791 F.2d 88, 90 (7th Cir.1986).

**5.** "An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment, is a final order, which may be vacated, modified or reversed, as provided in this article."

mack Amendment limited shipper's liability was not an appealable final order).

 Nor, by inclusion of the § 994 language in its amended order did the trial court transform its order into a certified interlocutory order under § 952. Certification of an interlocutory order not appealable by right [6] is a wholly different process from an ordinary appeal. Alloy Welding's suggestion that the trial court's order amounts to a certified interlocutory order is, at least, disingenuous, because appeal from a certified interlocutory order is commenced by petition for certiorari, which must be accompanied by a statement from the trial court of reasons for review in advance of final judgment, Rules 1.52, 1.52a, Rules of Appellate Procedure, 12 O.S.1991, Ch. 15, App. 2, not by petition in error such as Alloy Welding filed in this case.

We hold that this appeal should never have been brought, because the trial court abused its discretion by adding the imprimatur of § 994 to an order which adjudicated less than all of the issues in American's third-party indemnity claim and also failed to resolve American's third-party breach of contract claim. The appeal must accordingly be dismissed.

We add in passing that when the trial court decides to dispatch an appeal under § 994, it would be helpful to explain in its order why it chose to do so. *See Horn v. Transcon Lines, Inc., supra* note 4, at 592 (citing cases).

> Courts may not accommodate attorneys just because they want to appeal immediately; a separate judgment ... multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration. Explanation produces intellectual discipline; a judge who sets down in writing (or articulates in court) the reasons pro and con, and his method of reaching a decision, must work through the factors before deciding, and we then may be sure that the conclusion is based on appropriate consid-

erations even if [it is] not necessarily one we would have reached ourselves.

*Id.*

Alloy Welding's appeal is dismissed for lack of a properly appealable decision.

APPEAL DISMISSED.

GARRETT and JOPLIN, JJ., concur.