1998 OK CIV APP 52

1998 OK CIV APP 52

**Mary Nell CLARK, Plaintiff/Appellant,**

v.

**STATE of Oklahoma; Warner Brothers; Mary Fallin and Edward Cook, individually and as agents of the State of Oklahoma; and Jim Morris, Defendants/Appellees,**

**and**

**Joseph Fallin, Gary Dean Rollins, and Rebecca O'Dell, individually and as agents of the State of Oklahoma, Defendants.**

**No. 90507.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 24, 1998.

Larry L. Oliver, Larry Oliver & Assoc., P.C., Tulsa, for Plaintiff/Appellant.

Drew Edmondson, Attorney General, James M. Robinson, Assistant Attorney General, Oklahoma City, For Defendants/Appellees State of Oklahoma, Mary Fallin and Edward Cook.

James L. Kincaid, Kenneth J. Levit, Crowe & Dunlevy, Oklahoma City, for Defendants/Appellees Warner Brothers and Jim Morris.

MEMORANDUM OPINION

ADAMS, Judge:

¶ 1 In a lawsuit filed by Plaintiff/Appellant Mary Nell Clark, the trial court purported to grant summary judgment in favor of Defendants/Appellees Warner Brothers and Jim Morris in an order filed on November 10, 1997, and in favor of Defendants/Appellees Edward Cook, Mary Fallin and the State of Oklahoma Department of Tourism and Recreation in a order filed on December 4, 1997. Clark appealed.

¶ 2 Following our examination of the record, the parties were instructed to show cause why the appeal should not be dismissed because it appeared the orders were not final and appealable under 12 O.S.Supp. 1995 § 994(A) and the record did not contain

any pleading dismissing or disposing of certain other claims. It also appeared that Clark had requested leave of the trial court to file an amended petition to add an additional theory of recovery, but the record did not contain a memorialization of the disposition of that motion and the response to the petition in error stated that no action had been taken on the motion.[1] Clark responded, and State, Fallin and Cook also filed a response addressing the arguments raised in Clark's response. Warner Brothers and Morris filed no response.

¶ 3 The responding parties agreed that dismissals of claims against the remaining parties were filed. Clark indicated a willingness to amend the record to include documentation of the dismissal of her claims against those parties in the appellate record if this Court deemed it necessary.[2] The responding parties also agreed that the trial court intended to include the findings required by § 994(A) in its orders and that the omission of that text was inadvertent. Clark requested leave to amend the record to include the required § 994(A) findings. The responding parties also agreed that the trial court has not yet resolved, at least by filed order, the matter of the additional theory of recovery urged by Clark.[3]

¶ 4 Even if we allowed the parties to supplement the record by obtaining an order making the findings required by § 994(A) and to include the pleadings disposing of the dismissed claims, the underlying jurisdictional problem of the unresolved additional theory of recovery would remain. Although Clark, State, Fallin and Cook all argue that the summary proceedings to date did not address or had no bearing upon the additional theory and we may issue a decision limited

to theories of recovery covered by those orders, the additional theory appears to be based upon the same facts and circumstances as those addressed by the summary adjudications and remains unresolved.

¶ 5 As the Court noted in *Shackelford v. American Airlines, Inc.*, 1996 OK CIV APP 27, ¶ 7, 916 P.2d 282, 284, "[a]s a court of review we are obliged to inquire, on our own motion if necessary, into jurisdictional matters—our jurisdiction to consider an appeal and also the jurisdiction of the court or other adjudicative body whence the appeal came. *Lincoln Bank & Trust Co. v. Oklahoma Tax Comm'n*, 827 P.2d 1314, 1317 (Okla.1992); *Howard v. Arkansaw*, 59 Okla. 206, 158 P. 437, 437 (1916)."

¶ 6 The unresolved theory is but one of several theories of recovery all arising out of the same claim or cause of action, and the trial court could not make an order disposing of less than all of those proffered theories and properly direct an entry of "judgment" disposing of only some of those theories. *See* 12 O.S.Supp.1995 § 994, Bar Committee Comments. Accordingly, nothing will be served by adding the imprimatur of § 994 to orders which adjudicated less than all of the issues and failed to resolve all of the single claim between these parties or by correction of the record regarding the dismissed parties. The appeal is dismissed as premature.

DISMISSED.

BUETTNER, P.J., and HANSEN, J., concur.

---

1. Concurrently with her responses to the summary judgment motions by State, Fallin and Cook, Clark filed a request to amend her petition, attaching a copy of an amended petition. In it, after incorporating all her other previous allegations, she alleged that the actions of the "Defendants, individually and collectively," deprived her of "her constitutional rights as guaranteed by the Constitution of the United States and the Constitution of the State of Oklahoma."

2. The current version of Okla.Sup.Ct.R. 1.36, the rule governing records in appeals like this one, may be interpreted to allow an appellant the choice of excluding documents relating to claims

against other parties. However, we are unable to fulfill our duty to examine our jurisdiction if the record does not include such documents, and appealing parties would be well served to include in the record all documents which are necessary for us to determine independently that the appealed order is final under § 994(A).

3. The response by the State, Fallin and Cook seems to suggest that the trial court has at least impliedly determined that recovery is not possible on Clark's additional theory. However, they do not contend an order disposing of that theory has been filed.