2010 OK CIV APP 70

**GRAND ENERGY CORPORATION,**
Plaintiff/Appellant,

v.

**NEW DOMINION, L.L.C.,**
Defendant/Appellee.

No. 106,948.

Court of Civil Appeals of Oklahoma, Division No. 1.

June 10, 2010.

Steven W. Crow, Daniel Delluomo, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Elizabeth C. Nichols, Edmond, Oklahoma, for Defendant/Appellee.

WM. C. HETHERINGTON, JR., Judge.

¶1 Plaintiff Grand Energy Corporation (Grand) appeals from a trial court order awarding summary judgment to Defendant New Dominion L.L.C. (NDL) in Grand's action alleging both breach of contract and tort claims, including trespass, conversion, intentional infliction of emotional distress,[1] and intentional interference with prospective contractual relationship. We dismiss this appeal as premature because the order the parties believed was a "judgment" did not resolve all of the claims by and between the parties, *i.e.*, Grand's intentional interference with prospective contractual relationship theory of recovery, and the record contains no express determination or direction as required by 12 O.S.2001 § 994(A) to make such an order an appealable judgment.

¶2 Upon review of the record, we noted the absence of any order specifically resolving several of Grand's tort theories of recovery or an express § 994(A) determination in the order on appeal and directed Grand to show cause why this appeal should not be dismissed as premature. Grand has now responded, and NDL, despite having been allowed time to respond, did not timely respond.

¶3 When moving for summary judgment, NDL did not specifically address Grand's intentional interference with prospective contractual relationship theory of recovery in its motion for summary judgment and merely included as an undisputed fact that Grand had no *written* agreement with a third party, Roy Reynolds. Grand not only pointed out the specific elements of that theory in its response to NDL's motion but also that it is undisputed that Grand had an oral agreement with Reynolds to re-enter the Jarvis wellbore in Seminole County and it is that relationship with which Grand argued NDL interfered. NDL filed a reply brief, without addressing this particular theory of recovery.

¶4 As applicable here, 12 O.S.2001 § 994(A) provides, in pertinent part:

any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not

---

1. In its response and objection to NDL's second motion for summary judgment, Grand "with-

draw the tort of outrage claim" against NDL.

terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

¶5 The trial court's order in question finds that: (1) "there is no dispute as to any material fact in this matter, and that [Appellee] is entitled to judgment as a matter of law," (2) "the actions that Appellee took in the Oklahoma Corporation Commission (OCC) ... were not under consideration by this Court, as review of those matters is only proper before the OCC," (3) "there was no contract, written, oral or implied between [NDL] and [Grand], and that (4) NDL had no contractual relationship or contractual duty to Grand.[2] In its response to the show cause order, Grand essentially disagreed with the trial court's first finding and requested this Court remand the case back to the District Court due to the existence of substantial issues of material facts.

¶6 The trial court's order appealed here clearly did not adjudicate Grand's intentional interference with prospective oral contractual relationship theory of recovery which NDL, as the movant, had the duty to raise, argue and present evidentiary material in order to be successful on summary judgment. Further, as to Grand's trespass and conversion theories, while raised by NDL in its motion, there was no evidentiary support and it is unclear whether this general order sustaining NDL's motion resolved these theories. A disposition of but a portion of a single cause of action is not a judgment at all but an interlocutory summary adjudication, a limitation on the issues to be tried, subject to alteration or modification by the trial court before final judgment. *Reams v. Tulsa Cable Television, Inc.*, 1979 OK 171, 604 P.2d 373. An interlocutory summary adjudication does not constitute an appealable order. *Id.*

An order or judgment that disposes merely of a portion of a cause of action is appealable *only if* it falls within one of the statutory exceptions, *i.e.*, it is an interlocutory order (1) appealable by right under 12 O.S.2001 § 952(b)(2) or 993 or other statutory provision, or (2) certified for immediate appeal under 12 O.S.2001 § 952(b)(3), or (3) it is prepared as a final judgment at the express direction of the court pursuant to § 994(A).[3] *House v. Town of Dickson*, 2007 OK 57, ¶9, 193 P.3d 964, 967–968.

¶7 Grand's request is denied. The "judgment" on appeal does not resolve all of its theories of recovery and further lacks an express determination or direction as required by 12 O.S.2001 § 994 to make such an order an appealable judgment. As a result, this appeal is DISMISSED AS PREMATURE.

BUETTNER, P.J., and HANSEN, J., concur.

---

2. This finding may have been intended to dispense with Grand's intentional interference with prospective contractual relationship, but it only addresses the lack of a contractual relationship or duty between Grand and NDL and does not deal with the Roy Reynolds contract interference.

3. It should be further noted that the entry of an order making the required § 994(A) finding to make an order final is ineffective if the order resolves only one or more of several theories of relief arising out of the same transaction or occurrence and leaves other theories pending. *See Shackelford v. American Airlines, Inc.*, 1996 OK CIV APP 27, 916 P.2d 282.