## CITY OF MANGUM *et al.* v. HEATLY *et al.*

No. 7652. Opinion Filed January 11, 1916.

(154 Pac. 528.)

1. **APPEAL AND ERROR—Decisions Appealable—Pleadings—Refusal to Strike.** An order overruling a motion to strike certain paragraphs of a petition is not an appealable order.

2. **SAME—Presentations Below—Motion for New Trial.** Where a cause is tried upon its merits and final judgment rendered after full hearing, and no motion for a new trial is filed by the losing party, such judgment will not be disturbed on appeal for alleged errors of the trial court in ruling upon certain interlocutory motions not constituting a part of the record proper.

(Syllabus by the Court.)

*Error from District Court, Greer County;*
*T. P. Clay, Judge.*

Action by S. A. Heatly and another against the City of Mangum, a municipal corporation, and others. Judgment for plaintiffs, and defendants bring error. Dismissed.

*H. H. Edwards,* for plaintiffs in error.

*B. L. Tisinger* and *Burwell, Crockett & Johnson,* for defendants in error.

KANE, C. J. This was a suit in equity, wherein the defendants in error, plaintiffs below, as taxpayers, prayed an injunction against the plaintiffs in error, defendants below, enjoining them from selling and delivering certain municipal bonds, with interest coupons attached, issued by the city of Mangum, for the purpose of building a municipal electric light plant. Hereafter the parties will be called "plaintiffs" and "defendants," respectively, as they appeared in the trial court.

Upon filing the petition the trial court issued a temporary injunction. Thereafter the defendants filed a motion to strike certain portions of the petition, which was sustained by the trial court as to paragraph 14, and overruled as to paragraphs 15, 16, 17, and 18. Thereupon the defendants filed a pleading entitled "Motion to Dissolve Temporary Injunction," which, omitting the formal parts, is in words and figures as follows:

"Come now the above-named defendants, by their attorney, and move the court the temporary injunction allowed herein be dissolved for the following reasons, to wit:   (1) Defendants deny each and every material allegation set out in said petition and demand strict proof of said allegations.   (2) That the relief prayed for in said petition would work a great injustice to the citizenship of the city of Mangum.   Wherefore defendants pray that the temporary injunction allowed herein be dissolved, and that plaintiffs take nothing by way of relief prayed for, and that plaintiffs be taxed with the costs of this action."

This latter pleading, while entitled "Motion to Dissolve Temporary Injunction," is in substance more in the nature of an answer to the petition, in effect, a general denial, and it was thus treated by the trial court and the parties, in the trial upon the merits, which subsequently followed.    After the issues were joined as above, the respective parties proceeded to trial, introduced their evidence upon the merits of the case and rested, and thereupon the court rendered a final judgment overruling the motion to dissolve and making the temporary injunction formerly issued permanent. There was no motion for new trial filed by the losing party for the purpose of reviewing the action of the trial court in rendering judgment upon the merits, but a

proceeding in error was prosecuted to this court, wherein the only errors assigned are the following:

"(1) The court erred in overruling defendants' motion to strike certain paragraphs from plaintiff's petition. (2) The court erred in overruling defendants' motion to dissolve the temporary injunction."

On behalf of the defendants the cause is elaborately briefed upon its merits, while counsel for the plaintiffs confine their brief solely to the contention that the proceeding in error ought to be dismissed, for the reasons: (1) The motion to strike does not constitute a part of the judgment roll, and therefore the only method by which this court can review the action of the trial court in overruling it is by preserving the question by filing a motion for new trial; or (2) it could not be of any avail to any party to this litigation for this court to review the action of the trial court in denying the motion to strike and the motion to dissolve the temporary injunction, because after both of these orders were entered, the court considered the evidence, and rendered a final judgment; and so long as this final judgment remains in force and not attacked, it is immaterial whether or not the trial court erred in making some interlocutory order.

There is no attempt on the part of counsel for plaintiffs in error to answer either of these grounds for dismissal, and to us they seem to be well taken. The action of the trial court upon the motion to strike, being but an interlocutory order, was not appealable, and therefore not now subject, except as an incident, to a review of the case upon its merits, and, of course, as no review of the case upon its merits was asked or could be had without a motion for new trial, it would

be unjust to set aside the final judgment rendered by the court after full hearing for an error predicated upon such ruling.

That the motion to strike does not constitute a part of the judgment roll is settled by *McMechan v. Christy*, 3 Okla. 303, 41 Pac. 382; *Devault v. Merchants' Exchange Co.*, 22 Okla. 624, 98 Pac. 342; *Sumner et al. v. Sherwood*, 25 Okla. 70, 105 Pac. 642.

If we treat the pleading entitled "Motion to Dissolve Temporary Injunction" as a motion, what we have said above also applies to it; and if we treat it as an answer to the petition, as the parties and the court below seem to have done, the defendants are in no better situation. The cause was tried and judgment rendered after full hearing upon its merits. The defendants did not file a motion for a new trial, nor do they in this court ask to have the final judgment in the case vacated or set aside. It is well settled that, the defendants having failed to file a motion for new trial and to have the same passed upon by the trial court, the judgment rendered became final, and this court has no authority to review the same. *Bd. Com'rs v. Grace*, 23 Okla. 35, 99 Pac. 653; *Ahren-Ott Mfg. Co. v. Condon*, 23 Okla. 365, 100 Pac. 556; *Divine v. Harmon*, 23 Okla. 901, 101 Pac. 1125; *Grunawalt v. Grunawalt*, 24 Okla. 756, 104 Pac. 905; *Kansas Rolling Mill v. Bovard*, 34 Kan. 21, 7 Pac. 622.

For the reason stated, the motion to dismiss must be sustained.

All the Justices concur.