## CLEVELAND COUNTY v. JOHNSON.

No. 7421—Opinion Filed May 16, 1916.

Rehearing Denied June 6, 1916.

(157 Pac. 1035.)

**1. Taxation—Assessment of Omitted Property—Decisions Reviewable—Tax Ferret Proceedings.**

Under the amendment to the tax ferret statute, section 7449a (Sess. Laws 1915, c. 189, sec. 1), an appeal from a final order of the county court in such proceedings to the Supreme Court may be taken by either party.

**2. Taxation—Assessment of Omitted Property—Appeal—Parties—County.**

Such appeal, prosecuted by "Cleveland County, will be dismissed for want of proper parties plaintiff in error, for the reason that a county cannot prosecute an appeal in that name.

(Syllabus by Galbraith, C.)

Error from County Court, Cleveland County; B. F. Wolf, Judge.

In the matter of proceedings to assess for taxation in Cleveland County property of E. B. Johnson charged to be subject to taxation, and which had been omitted from the tax rolls. From the finding of the county treasurer sustaining the protest of the taxpayer, an appeal was taken to the county court, which on motion was dismissed. From the order dismissing the appeal, the county brings error. Dismissed.

J. P. Whittinghill and W. L. Eagleton, for plaintiff in error.

J. B. Dudley, for defendant in error.

Opinion by GALBRAITH, C. This was a proceeding under the tax ferret statute (section 7449, Rev. Laws 1910) to enter upon the tax rolls property claimed to have been omitted therefrom. The notice required by the statute was served upon the taxpayer, and in response thereto he appeared and protested, and upon a hearing the county treasurer sustained the protest and found that the property had not been omitted and was not subject to taxation. From this finding an appeal was prosecuted by Cleveland county to the county court, where, upon motion, the same was dismissed. From the order of dismissal, the county has attempted to appeal to this court.

Motion is here made to dismiss the appeal on the ground that no appeal will lie

from the county court to the Supreme Court in a proceeding of this kind. In support of this motion In re Duncan, 43 Okla. 691, 144 Pac. 374, and the earlier cases to the same effect are cited. These decisions are in point and would be controlling but for the fact that the statute (section 7449, Rev. Laws 1910) has been amended, expressly granting an appeal to the Supreme Court from the county court (Sess. Laws 1915, p. 386). In cases arising since that amendment became effective, those decisions have been overruled. The amendment reads, in part, as follows:

"That within sixty days from the final judgment of the county court, appeal may be taken by either party to the Supreme Court of the state as other appeals are taken."

The final order of the county court attempted to be appealed from in this case was entered on the 8th day of April, 1915, and the petition in error and case-made lodged in this court on the sixtieth day thereafter, to wit, on the 7th day of June, 1915. The appeal was therefore taken in time, and this amendment to the statute authorized the appeal to be taken. The motion for that reason is not well taken.

However, there is a fatal objection to this appeal being considered by this court, namely, there is no proper plaintiff in error. The appeal is attempted to be prosecuted in the name of Cleveland county. The county cannot prosecute a proceeding in that name.

In the case of Muskogee County v. Lanning & McRoberts, 51 Okla. 343, 151 Pac. 1054, the third paragraph of the syllabus reads:

"An appeal prosecuted in the name of 'Muskogee County, Okla.,' will be dismissed for want of proper parties plaintiff in error, for the reason that an action cannot be prosecuted by a county in such name."

Upon authority of that case the appeal in this case will be dismissed at the cost of plaintiff in error.

By the Court: It is so ordered.