### KRAMER, County Treasurer, v. GYPSY OIL CO.

No. 7819—Opinion Filed Nov. 20, 1917.

On Rehearing, June 11, 1918.

(173 Pac. 802.)

Taxation — Assessment of Omitted Property—Appeal—Title of Case—Statute.

Where escaped property is assessed by the county treasurer, and the taxpayer appeals to the county court, and secures a judgment annulling such assessment, the county attorney of such county may properly prosecute an appeal to this court from such judgment of the county court, and such cause is properly styled, "In the assessment of the taxpayer," naming him; and if to such properly styled case there be added the county treasurer as a party, the same is surplusage.

(Syllabus by Collier, C.)

Sharp, C. J., and Miley, J., dissenting.

Error from County Court, Tulsa County; J. W. Woodford, Judge.

Proceeding by John T. Kramer, as County Treasurer of Tulsa County, State of Oklahoma, to assess a tax on escaped property of the Gypsy Oil Company. The property was placed upon the tax rolls by the county treasurer, and defendant appealed to the county court, and from a judgment therein for defendant the treasurer brings error. Motion to dismiss appeal denied.

James P. Evers, Co. Atty., and Stuart, Cruce & Cruce, for plaintiff in error.

James B. Diggs, Henry McGraw, and Rush Greenslade, for defendant in error.

Opinion by COLLIER, C. The tax ferret of Tulsa county reported to the treasurer of Tulsa county that property belonging to the Gypsy Oil Company, a corporation, the defendant in error, and hereinafter designated defendant, had been omitted from taxation, and that said property, describing it, omitted from taxation was of the following value, to wit:

| For the year | 1908 | $ 1,402,389.00 |
|---|---|---|
| " " " | 1909 | 4,900,829.00 |
| " " " | 1910 | 7,021,933.00 |
| " " " | 1911 | 9,051,495.00 |
| " " " | 1912 | 10,418,766.00 |
| " " " | 1913 | 19,247,822.00 |
| " " " | 1914 | 46,388,790.00 |

The county treasurer gave notice to the defendant as required by section 7449, Revised Laws 1910, and the defendant filed, in the office of the plaintiff, written objection to said proposed property being listed upon the tax rolls. There was a hearing before said county treasurer, and the result thereof is shown by the following journal entry, omitting caption and signatures:

"This cause coming on regularly this day to be determined by me, the undersigned county treasurer of Tulsa county, Okla., upon information, filed with me by A. B. Davis, employed by the board of county commissioners of Tulsa county under the provisions of section 7449 of the Revised Laws of Oklahoma of 1910, and due notice having been given said Gypsy Oil Company in accordance with law, and said Gypsy Oil Company having filed its answer and objections herein, and having been directed by the Supreme Court of the state of Oklahoma to hold a hearing upon the question of assessment of said Gypsy Oil Company for omitted taxes, and said hearing having been held before me on the 21st day of May, 1915, at which hearing said Gypsy Oil Company was present by attorneys, Hon. —— Greenslade and Hon. Henry McGraw, and Tulsa county being represented at said hearing by Ed. Crossland, county attorney of said county, and being advised by the county attorney as to the law, and having duly considered all the statements filed with me, I find that the net value of the moneyed capital, surplus, and profits of said corporation which was omitted from assessment at the assessing dates for the several years mentioned was as follows, to wit:

For the year 1908 _____ $   81,548.76
   "     "    "   1909 _____   2,459,026.08
   "     "    "   1910 _____   2,274,209.32
   "     "    "   1911 _____   2,857,243.64
   "     "    "   1912 _____   4,023,421.38
   "     "    "   1913 _____   8,390,393.74
   "     "    "   1914 _____   9,404,436.44

"I have arrived at said amounts for each of the foregoing respective years as reasonable valuation by fixing it at two times the value of the production of said corporation for each of said years as shown by its answer on file herein.

"I therefore fix the above amounts as the valuation of the moneyed capital, surplus, and profits of said corporation for the several years shown, and direct that they be given credit upon the same for the valuations upon which they have paid as being a part of the properties into which the said moneyed capital, surplus, and profits were invested.

"Done this 31 day of May, 1915."

On June 5, 1915, the defendant perfected an appeal from the action of the county treasurer in placing said property upon the tax rolls to the county court of Tulsa county, and executed a bond conditioned as required by law, which said bond was made payable to Tulsa county, Okla., and gave notice of said appeal to the county clerk of Tulsa county, Okla., to the county treasurer of Tulsa county, Okla., to the board of county commissioners of Tulsa county, Okla., and the tax ferret of Tulsa county, state of Oklahoma. In the notice of appeal and in the appeal bond and in other papers filed in the case by the defendant the case is styled:

"In the Matter of the Assessment of the Gypsy Oil Co., John T. Kramer, as County Treasurer of Tulsa County, Oklahoma v. Gypsy Oil Company, a Corporation, of Tulsa County, Oklahoma."

In the petition in error the case is styled:

"John T. Kramer, as County Treasurer of Tulsa County, Oklahoma, Plaintiff in Error, v. Gypsy Oil Company, a Corporation, of Tulsa County, Oklahoma."

A transcript of the proceedings had before the defendant as county treasurer of Tulsa county was filed in the county court of Tulsa county, the cause tried in said court, and judgment rendered for defendant as shown by the following journal entry, caption and signature omitted.

"Be it remembered that this matter came on for hearing before the county court of Tulsa county, Okla., on the 10th day of August, 1915, upon the appeal of the Gypsy Oil Company, the respondent herein, from an order of the county treasurer of Tulsa county, listing certain property of the appellant and extending the same on the tax rolls of said Tulsa county, the complainant, the county treasurer of Tulsa county, appearing in person and by his attorneys, Ed Crossland, county attorney of Tulsa county, and C. H. Pitman and Stewart, Cruce & Cruce; the respondent appearing by its attorneys, James B. Diggs and Rush Greenslade. Whereupon the trial proceeded to the court in the absence of a jury, and after the taking of testimony and the introduction of evidence from day to day the same was concluded on the 14th day of August, 1915. Whereupon the cause was argued by counsel, and the court took said case under advisement until the 18th day of September, 1915. And now, on this 18th day of September, 1915, this matter comes on for final consideration after due notice given to both the complainant and the respondent, said complainant being present by his attorney, J. P. Evers, deputy county attorney of Tulsa county, and the respondent being present by James B. Diggs and Rush Greenslade, the court, being fully advised in the premises and after due consideration of the evidence

submitted, arguments of counsel made, and after due consideration of the briefs filed by and on behalf of both complainant and respondent, adjudges and decrees that the listing of property, to wit, capital stock, moneyed capital, surplus and undivided profits to the value of $81,548.76 in 1908, $2,459.026.08 in 1909, $2,274,209.32 in 1910, $2,857,243.64 in 1911, $4,023,421.38 in 1912, $8,390,-393.74 in 1913, $9,404,436.44 in 1914, and the placing of the same on the rolls of Tulsa county and extending the taxes thereon against the Gypsy Oil Company for the years just above enumerated, was without warrant of law, and the said Gypsy Oil Company was not subject to taxation thereon.

"It is therefore ordered, adjudged, and decreed that the said action of the county treasurer of Tulsa county in listing said property, placing same on the tax rolls, and extending the taxes thereon be, and the same is hereby, vacated and annulled, and that the assessment so made against the said Gypsy Oil Company for the property alleged to have been omitted from assessment in the sum of $81,548.76 in 1908, $2,459,026.08 in 1909, $2,274,209.32 in 1910, $2,857,243.64 in 1911, $4,023,421.38 in 1912. $8,390,393.74 in 1913, $9,404,436.44 in 1914, is vacated and canceled, and said assessment is ordered and directed to be stricken from the tax rolls of this county and held for naught.

"It is further ordered, adjudged, and decreed that the appellant, the Gypsy Oil Company, have and recover its costs herein taxed at $——.

"To which said judgment of the court the complainant herein, the county treasurer of Tulsa county, is allowed his exceptions; and also on this the 18th day of September, 1915, the complainant herein having filed his motion for a new trial and the same having been considered by the court, the court doth deny the said motion, to which ruling of the court the complainant excepts and prays an appeal to the Supreme Court of the state of Oklahoma. Whereupon the court doth order that the complainant be given 60 days in which to make and serve case-made, 10 days for the suggestion of amendments, same to be settled upon 5 days' notice by either party."

The motion to dismiss this appeal has been orally argued in this court, and exhaustive briefs have been filed by the defendant, and we have given said argument and briefs most careful attention and consideration.

The grounds assigned for the dismissal of the appeal are:

"(1) This court is without jurisdiction to entertain the attempted appeal herein because the same is not prosecuted by a proper plaintiff in error.

"(2) The county treasurer of Tulsa county, Okla., has no authority to represent either the state of Oklahoma, or the board of county commissioners of Tulsa county, or the tax ferret of Tulsa county in this proceeding, or to prosecute an appeal in their behalf."

There is only one question involved in this motion: Is this appeal properly in this court? The authority for the action of the county treasurer, which is complained against, is found in section 7449, Revised Laws 1910, which reads as follows:

"Contract and Compensation for Discovery. The board of county commissioners of any county in this state may contract with any person or persons to assist the proper officers of the county in the discovery of property not listed and assessed, as required by existing laws, and fix the compensation at not to exceed fifteen per cent. of the taxes recovered under this article. Before listing and assessing the property discovered, the county treasurer shall give the person in whose name it is proposed to assess the same, ten days' notice thereof by registered letter, addressed to him at his last known place of residence, fixing the time and place when objections in writing to such proposed listing and assessment may be made. An appeal may be taken to the county court for the final action of the treasurer within ten days, by giving notice thereof in writing and filing an appeal bond, as in cases appealed from the board of county commissioners to the district court."

From the action of the treasurer an appeal lies to the county court, and by the amendment of said section 7449 by the act of the Legislature of 1915 (Session Laws 1915, p. 386) either party may prosecute an appeal from the judgment of the county court to this court. In the brief of the appellant and in the brief of the defendant, we have not been favored with a direct authority upon the vital question herein involved, nor after diligent search have we been able to find that this court has decided the identical question herein involved. While there are many authorities cited in the briefs of the attorneys of the defendant, which they earnestly contend conclusively support their contention that this appeal should be dismissed, we are unable to see that said authorities support such contention. Certainly it was the duty of the county attorney to bring into this court the appeal herein.

In Sullins et al., Board of County Commissioners, v. State ex rel. Barnard, Commissioner Charities and Corrections, 33 Okla. 526, 126 Pac. 732, Judge Turner quotes with approval in Auditor General v. Railroad Co., 82 Mich. 426, 46 N. W. 730, as follows:

"Aside from these statutory provisions, it is the general rule that public officers need not be expressly authorized by statute to bring suit, but that their capacity to sue is commensurate with their public trusts and duties. Supervisor v. Stinson, 4 Hill (N. Y.) 136; Overseers v. Overseers, 18 Johns (N. Y.) 407; Todd v. Birdsell, 1 Cow. (N. Y.) 260 (13 Am. Dec. 522); County Treasurer v. Bunbury, 45 Mich. 84, 7 N. W. 705."

In Moore v. Nation, 80 Kan. 672, 103 Pac. 107, 23 L. R. A. (N. S.) 1115, 18 Ann. Cas. 397, the court said:

"The duties of an officer include all of those that fairly lie within its scope; not merely those which are necessarily involved in the accomplishment of the main purpose of the office, but those, also, which although incidental and collateral, naturally and properly serve to promote and benefit the performance of the principal duties. Constitutions and statutes seldom define with precision the scope of any office."

Section 4644, Revised Laws 1910, defines "an action as an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 4645, Revised Laws 1910, reads: "Every other remedy is a special proceeding." It is clear that the remedy sought is not an ordinary proceeding as defined by section 4644, supra, but is a special proceeding under said section 4645, supra, and it is not necessary to have parties as in an ordinary action. It follows that, this being a special proceeding, the case is properly styled "In the assessment of the Gypsy Oil Co.," and the addition of John T. Kramer, as county treasurer, as a party, is mere surplusage. In the county court the county attorney, the legal representative of the county, appeared and represented the county, and prosecutes the appeal here sought to be dismissed; and this we think, and so hold, was a discharge of his duty as such county attorney, and that this appeal is properly here.

The motion to dismiss this appeal is denied.

By the Court: It is so ordered.

### On Rehearing.

PER CURIAM. Upon petition for rehearing the court has examined the record carefully, and is satisfied that the opinion prepared by Mr. Commissioner Collier is right and should be approved.

In addition to the reasoning of the commission it may be observed that the notice given by the treasurer in pursuance of section 7449, Rev. Laws 1910, is properly entitled, "In re Assessment of Gypsy Oil Company," and that the present title was fastened to the proceeding by counsel for the oil company in their subsequent pleadings wherein the county treasurer is uniformly designated as "complainant." On the appeal of the oil company, the county court seems to have adopted the practice followed by counsel for the appellant, the cause in that court being entitled:

"In the Matter of the Assessment of the Gypsy Oil Company for the years 1908, 1909, 1910, 1911, 1912, 1913 and 1914. John T. Kramer, as County Treasurer of Tulsa County, State of Oklahoma, Complainant, v. Gypsy Oil Company, a Corporation, of Tulsa, Oklahoma, Respondent."

The journal entry of judgment in favor of the appellant oil company is also entitled as above. Subsequently in his motion for a new trial the county attorney, following the practice suggested by counsel for the oil company, adopted the same title, designating the treasurer "complainant," and in his petition in error in this court he entitles the proceeding in error, "John T. Kramer as County Treasurer of Tulsa County, State of Oklahoma, Plaintiff in Error, v. Gypsy Oil Company, a Corporation, of Tulsa, Oklahoma, Defendant in Error."

If we understand the contention of the plaintiff in error correctly, it is briefly this: Inasmuch as the statute, section 7449, supra, provides that an appeal may be taken by "either party" to the Supreme Court, the proceeding being a controversy between the taxing power and the taxpayer, the state is the real party in interest, and since the judgment of the county court was against the power to impose the taxes, an appeal from that decision can only be prosecuted by and in the name of the state of Oklahoma. All this may be strictly true in fact and sound in reason, but yet it does not necessarily follow that the practice adopted in the present proceeding is subversive or contrary in substance to the principle contended for. The state by its Legislature has not seen fit to provide any designation or title for these special proceedings, and the practice of the courts does not seem to be uniform in this regard. The prevailing practice in this jurisdiction has been to entitle them as this one was originally entitled in the notice instituting the proceeding. This title, we have no doubt, is sufficient to identify the proceeding and disclose its nature, and we can perceive no good reason why it should be changed in any of its subsequent

stages. On the other hand, we are not willing to say that the practice adopted by counsel for the oil company, subsequently followed by the county court and the county attorney without objection, is not equally descriptive of the proceeding and its nature. Under either designation the object and purpose of the proceeding are precisely the same, and the mere fact that in neither of these titles is the state specifically mentioned as a party does not render the remedy less effective or prevent the state from being the real party in interest. Nor does the recital in the motion for a new trial, "Now comes the complainant and moves the court," etc., or in the petition in error in this court, "The said John T. Kramer, as county treasurer of Tulsa county, state of Oklahoma, plaintiff in error, complains," etc., in any wise detract from this conclusion. The proceeding still continues to be a controversy between the taxing power and the taxpayer for the purpose of collecting taxes upon omitted property. The state as a corporate entity always performs such governmental functions through the person of chosen representatives. By the statutes now under consideration the purpose of the Legislature was to provide laws for the collection of taxes on omitted property and create agencies for carrying these laws into effect. As was said by this court in another case, Anderson v. Ritterbusch, Treasurer, 22 Okla. 761, 98 Pac. 1002:

"A proceeding for the assessment and collection of taxes due on omitted property is not a civil action. It is a remedial proceeding, granted by the Legislature, conferring upon the treasurer a remedial right and duty, not heretofore existing, for the collection of taxes due on omitted property, and as a matter of grace the Legislature gave the taxpayer the right of appeal to the county court, where said summary proceeding may be heard de novo."

As the right of appeal is made reciprocal as between the taxing power and the taxpayer, it would seem to follow that the right and duty of the treasurer to collect taxes on omitted property does not cease until he has exhausted all the means for this purpose placed at his disposal by the Legislature. As it is his right and duty to act for the state in giving the original notice, so it continues to be his right and duty to pursue to the end, with the advice and counsel of the law offices of the state, all the remedies afforded by statute for the collection of these taxes. Section 1732, Rev. Laws 1910, designates the county treasurer "collector of taxes," and provides that "he shall be charged with the amount of all tax lists in his hands for collection." In the case of omitted property the tax ferret is employed to assist the treasurer in collecting taxes; and not to collect such taxes. It is the duty of the treasurer to collect them, and it is the duty of the county attorney of his county to perform whatever legal services are necessary for the attainment of this purpose. The objections made to the summary proceedings herein, whereby the county treasurer is attempting to perform his duty, seem to us to be objections of form, more than to substance, which should not be permitted to stand in the way of the enforcement of these statutes upon which the revenues of the state and its minor governmental subdivisions so largely depend.

For the reasons stated, the opinion of the commission is approved, and the petition for rehearing denied.

All the Justices concur, except SHARP, C. J., and MILEY, J., who dissent.