## In re EVANS.

No. 8896—Opinion Filed Oct. 8, 1918.

(175 Pac. 510.)

(Syllabus.)

**1. Taxation — Proceeding to Add Omitted Property—Designation.**

A proceeding before a county treasurer to add omitted property to the tax rolls is special in its nature, in which the state is the real party in interest; and, there being no certain designation or style prescribed therefor, any designation by which the proceeding may be identified will be sufficient.

**2. Same—Appeal—Parties.**

The state must of necessity perform its governmental functions through the person of chosen representatives, and when the county attorney appeals from an order refusing to add certain omitted property to the tax rolls, the fact that the state is not specifically mentioned as the appellant, or that an unnecessary party is added, is not fatal to the appeal.

**3. Same—Notice of Appeal.**

The fact that notice of appeal was not served until after the transcript was filed in the county court, and was not filed with the county treasurer, does not defeat the jurisdiction of the county court on appeal.

Error from County Court, Alfalfa County; F. M. Gustin, Judge.

Proceeding by Carl S. Dunnington, as Treasurer of Alfalfa County, against David T. Evans, to list for taxation property alleged to have been omitted from taxation. Objections by Evans sustained by county treasurer, and from judgment of the county

court, dismissing the appeal of the county attorney and others for want of jurisdiction, they bring error. Order reversed, and cause remanded, with direction to reinstate proceeding, and for further proceedings therein.

Walter L. Owen, for plaintiffs in error.

A. R. Carpenter, for defendant in error.

HARDY, J. On November 23d Carl S. Dunnington, as treasurer of Alfalfa county, gave notice to David T. Evans of a proposal to list for taxation certain property alleged to have been omitted for taxation for certain years, and said Evans in due time filed objections thereto, which objections were sustained by the county treasurer, from which action the county attorney, upon the request of 15 resident taxpayers, prosecuted an appeal to the county court, where it was dismissed for want of jurisdiction. Notice of appeal was served upon Dunnington as county treasurer, upon the board of county commissioners, and upon said Evans. The transcript of the proceedings before the county treasurer, with his certificate thereto, was prepared and filed in office of the court clerk of Alfalfa county on the 20th day of December, 1916, while acknowledgment of service of notice of appeal was executed by Evans on December 21, 1916.

It is contended here that the county court had no jurisdiction to entertain the appeal, because there was no proper party thereto, for the reason that in the notices of appeal Alfalfa county was named as the appellant, and because the appeal was not taken in the name of the board of county commissioners of Alfalfa county. In support of this position the case of Cleveland County v. Johnson, 59 Okla. 77, 157 Pac. 1035, is cited. The opinion cited supports the contention of appellee, but is in conflict with a later opinion of this court in No. 7819, Kramer v. Gypsy Oil Co., 68 Okla. 212, 173 Pac. 802. In that case proceedings were begun before a county treasurer to add to the tax rolls certain omitted property. The proceedings in that case were originally entitled "In the Matter of the Assessment of the Gypsy Oil Company," and upon appeal to the county court this style was retained, and there was added to the designation of said proceedings, "John T. Kramer, as County Treasurer of Tulsa County, Oklahoma," while in the petition in error the designation, "In the Matter of the Assessment of the Gypsy Oil Company," was dropped, and the proceeding was entitled in this court, "John T. Kramer, as County Treasurer of Tulsa County, Oklahoma, Plaintiff in Error,

v. Gypsy Oil Company, a Corporation, of Tulsa County, Oklahoma." Motion to dismiss the appeal in this court was filed on the ground that the attempted appeal was not prosecuted by a proper plaintiff in error, and that the county treasurer had no authority to represent either the state of Oklahoma, the board of county commissioners of Tulsa county, Oklahoma, nor the tax ferret, nor to prosecute an appeal in their behalf. The original opinion was written by Mr. Commissioner Collier, and on petition for rehearing supplemental opinion by the court was filed, approving the Commissioner's opinion, sustaining the proceeding, and overruling the motion to dismiss, wherein additional reasons were given for the conclusions reached. It was there held that the proceeding was a controversy between the taxing power of the state and the taxpayer, for the purpose of collecting taxes upon omitted property; that the proceeding was a special one, as distinguished from a civil action, in which the Legislature had not seen fit to provide any designation or title; and that the practice of the courts did not seem to have been uniform in that regard. The title, "In the Matter of the Assessment of the Gypsy Oil Company," was held to be sufficient to identify the proceeding and disclose its nature, and it was observed that there was no necessity for a change in the designation during any of the subsequent proceedings. Whether so designated, or designated as an ordinary civil proceeding, the object and purpose to be attained were held to be the same, and the fact that the state as the taxing power was not specifically mentioned did not render the remedy less effective or prevent the state from being the only party in interest. It was also observed that the state always performs such governmental functions through the person of chosen representatives.

In the original opinion by Commissioner Collier it was held to be the duty of the county attorney to prosecute the appeal therein, and his authority to do so is conceded in the present case. The mere fact that the county attorney, in giving notice of appeal, undertook to give an additional title and designation to the proceeding, did not change the nature of the proceeding, which was for the purpose of adding omitted property to the tax rolls, and being the officer whose duty it was to represent the taxing power in the prosecution of such appeal, and having taken the appeal in the manner prescribed by law, the mere fact that he undertook to add thereto a party whose presence was not necessary does not affect the proceeding. This conclusion is clearly supported by the case of Kramer, County Treasurer,

v. Gypsy Oil Company, which we now approve, and the case of Cleveland County v. Johnson, in so far as it is in conflict with these views, is hereby overruled.

It is further urged that the county court obtained no jurisdiction, because the notice of appeal served upon the appellee was not filed with the county treasurer and made a part of the transcript sent up to the county court, and because said notice was served one day after the transaction was filed in the county court. In support of this proposition we are cited to certain decisions holding that in an appeal from a justice of the peace court to the county court, it is necessary to file an appeal bond with the justice of the peace before he is divested of jurisdiction. The decisions relied upon are not in point, for the reason that the giving of an appeal bond in such cases is jurisdictional, and it is made the duty of the justice of the peace to pass upon the sufficiency of the sureties offered. Such is not the situation here. The county treasurer has nothing to do with passing upon the sufficiency of the notice of appeal, neither is there any requirement that it be filed with him. The requirement is that 10 days' notice in writing shall be given, and where the appeal is by the taxpayer an appeal bond shall be given, as in cases appealed from the board of county commissioners to the district court. By section 1640, Rev. L. 1910, no appeal bond was required; therefore the only step to be taken was that notice in writing thereof be given within 10 days. There is no provision that the notice shall be given before the transcript is filed, and hence, when the 10 days' written notice was given, as required, the taxpayer was apprised that within the time fixed the appeal had been taken, and it is not seen how any prejudice could result from the fact that the transcript had been filed the day before. No complaint is made as to the correctness of the transcript, nor any prejudice claimed, and, as stated in the Kramer Case, the objections go to the form, and not to the substance, of the proceeding. If any good reason existed why the property alleged to be omitted should not be placed upon the tax rolls, the appellee will have full opportunity to be heard in the county court, where he may have a trial according to the established rules of law, and, if aggrieved by the action so taken, as a further safeguard he may appeal to this court.

The county court erred in dismissing the appeal, and the order is reversed, and the cause remanded to that court, with instructions to reinstate the proceeding, and to take such further steps as are warranted under the law and the evidence.

All the Justices concur.