## TOBLY et al. v. DEKINDER et al.

No. 10584—Opinion Filed April 4, 1922.

(Syllabus.)

### Appeal and Error — Appealable Orders — Overruling Demurrer.

An appeal does not lie to this court from an order overruling a demurrer of the plaintiffs to- portions of the defendants' answer, which order overruling the demurrer leaves the parties in court to have the issues tried on its merits.

Error from District Court, Grady County; Will Linn, Judge.

Action by Willis Tobly and others against Mabel C. Duncan and others to quiet title. From order overruling demurrers to answers, the plaintiffs bring error. Petition in error dismissed.

Cliff V. Peery and Robert E. Lee, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

McNEILL, J. This action was commenced in the district court of Grady county by Willis Tobly, Amy N. Cass, Joshua Christy, and Rhoda James against Mabel C. Dekinder, Aetna Building & Loan Association, J. B. Sparks, Ben F. Johnson, N. M. Williams, First National Bank of Chickasha, L. B. Bartwell, L. W. Clapp, Harry Hamerly, and F. E. Riddle, to recover possession of certain real estate and to quiet title in the plaintiffs. The defendants each filed answers and cross-petitions denying the allegations of plaintiffs' petition, setting up numerous defenses, and asking to have their title quieted. The plaintiffs filed demurrers to certain portions of the different answers, which demurrers were overruled by the court and to which the plaintiffs excepted.

No final order was made rendering judgment in favor of the defendants and against the plaintiffs, but the cases are still pending according to the record before us for final determination, upon the petition and answers as thus filed. The plaintiffs appealed from the order of the court overruling the demurrer to certain portions of the defendants' answer.

The parties have briefed this case upon the merits as to whether certain portions of the answers stated a defense. It is unnecessary for us to pass upon the merits of the case, for the reason the orders overruling the demurrers to the separate portions of the answer are not final orders and appealable within the meaning of the statute when the plaintiffs do not stand on said

demurrers, and the case is not disposed of, but is still pending and is yet to be tried upon its merits. In order for this court to review the question complained of, it would be necessary for the plaintiffs to elect to stand upon their demurrer, and for the court to render judgment for the defendants upon cross-petition. This question was directly decided by the Territorial Supreme Court in the case of Potter v. Hall, 11 Okla. 173, 65 Pac. 841, wherein the court stated as follows:

"At the trial below, upon the overruling of the demurrer of the plaintiff to the answer and cross-petition of the defendant, the plaintiff elected to stand upon his demurrer, and the trial court thereupon rendered final judgment in the case. Held, that this is the correct proceeding. When a demurrer is overruled, and the defendant elects to stand upon and abide by his demurrer, the submission of the case is a final submission and the judgment thereupon is final."

In the case of Oklahoma City Land & Development Co. v. Patterson, 73 Oklahoma, 175 Pac. 934, this court said:

"An appeal does not lie to this court from an intermediate or interlocutory order during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

See Mangum v. Heatly, 49 Okla. 730, 154 Pac. 528.

If such orders as entered in this case were appealable to this court for review before final judgment, there would never be any end to litigation. The errors complained of in this matter can be excepted to, and when the final disposition is made of the case, and the final judgment or decree entered determining the respective rights of the parties, be reviewed by this court on appeal. This court can then pass upon such questions as may be necessary. It may be the plaintiffs will be unable to establish their claim and the errors herein become immaterial, and likewise they may prevail in the lower court and the errors be immaterial.

For the reasons stated, the appeal is dismissed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.