## HOFFMEYER v. PARTRIDGE, Co. Atty., et al.

No. 17094—Opinion Filed Sept. 21, 1926.

1. **Taxation—Adding Omitted Property—Appeal—Parties.**

The state must of necessity perform its governmental functions through the person of chosen representatives, and when the county attorney appeals from an order refusing to add certain omitted property to the tax rolls, the fact that the state is not specifically mentioned as the appellant, or that an unnecessary party is added, is not fatal to the appeal.

2. **Same—County Court's Jurisdiction not Lost by Failure to Decide Case in 30 Days.**

Section 9799, C. O. S. 1921, requiring the county court to decide certain cases on appeal within 30 days, is merely directory, and the county court does not lose jurisdiction to determine a case and render judgment therein after the lapse of such 30 day period.

**3. Appeal and Error—Failure to Present Error—Affirmance.**

Where a case is appealed to this court for review, no motion for new trial having been filed and none of the evidence introduced at the trial having been preserved in the record, the errors occurring at the trial of the cause will not be considered by this court. It will be presumed that the judgment of the trial court was supported by the evidence and will, therefore, be affirmed.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from County Court, Logan County; A. H. Boles, Judge.

Action by George W. Partridge, County Attorney of Logan County, and the State of Oklahoma against Charles Hoffmeyer. Judgment for plaintiffs, and defendant appeals. Affirmed.

Owen R. Fegan, for plaintiff in error.

George W. Patridge, Co. Atty., Logan County, and R. W. Stoutz, for defendants in error.

Opinion by THOMPSON, C. This action was commenced by the county treasurer of Logan county, Okla., upon written notice to Charles Hoffmeyer, plaintiff in error, duly served upon him, that certain property, consisting of a real estate mortgage, had been omitted, and that taxes were due thereon from the year 1909 to 1913, inclusive, based upon a report made by tax ferret, O. R. McComb, who had been duly appointed and contracted with to investigate and discover property omitted in Logan county, and his written report showed that Charles Hoffmeyer owned a real estate mortgage, in the amount of $4,700, which had not been listed for taxation during the years above mentioned. The plaintiff in error, upon receipt of the notice, appeared and joined issue by filing his protest before Frank Bond, treasurer of Logan county, in which he claimed that he was a nonresident of Logan county, and claimed to be a resident of Oklahoma county; that the mortgage sought to be taxed provided that $500 might be paid at each interest-paying date, and that, according to his best recollection, $500 had been paid each year up to about the 1st of the year 1913, and that it was nearly all paid, and that the last payment was made on the mortgage in March, 1913, when the full amount was paid; that he had no memoranda of the transaction, and that the payments were not made to him, but to his agent, and that he had no record showing said payments, and protested against the payment of the taxes for the years mentioned.

Upon a hearing, on the 16th day of May, 1925, before Frank Bond, the county treasurer, it was found that plaintiff in error was the owner of the mortgage on the 1st day of March, 1909, 1910, and 1911, and on the 1st day of January, 1912 and 1913, and that said property was wholly omitted from assessment and taxation, but that plaintiff in error lived in Edmond township, Oklahoma county, Okla., for the years 1909 and 1910, and was a resident of Guthrie, Logan county, Okla., for the years 1911, 1912, and 1913, and assessed the amount due for taxes for the years 1911, 1912, and 1913 at the sum of $100.

At the written request of 17 freeholders of Logan county, the county attorney of Logan county, Okla., appealed said case to the county court from the finding of the county treasurer. Notice of appeal was served, and service accepted by the plaintiff in error on the 25th day of May, 1925, and the whole proceeding was filed in the county court of Logan county on the same day.

Plaintiff in error filed his motion to dismiss the appeal upon the grounds (1) that the appeal was not taken in the name of the state of Oklahoma or of Logan county, but was appealed by George W. Partridge, and was taken in his name, as county attorney; (2) that the pretended appeal was not heard or determined within 30 days after it was filed. Said motion was overruled and exception reserved by the plaintiff in error.

On the 25th day of October, 1925, the cause was heard before Honorable A. H. Boles, county judge of Logan county. The defendant in error appeared by George W. Patridge, county attorney, and R. W. Stoutz, and the plaintiff in error appeared in person and by counsel, O. R. Fegan. The plaintiff in error objected to the introduction of any evidence upon the ground: (1) That the court had no jurisdiction because no appeal had been taken from the order of the county treasurer; (2) that the cause had not been heard and determined within 30 days after the appeal was filed; (3) that the notice of the county treasurer and the statement of the tax ferret thereto attached issued May 5, 1925, do not state facts sufficient to authorize the assessment of any property belonging to respondent, Charles Hoffmeyer, and no evidence was introduced before the county treasurer. Said objection was overruled by the court, which was correct under the decision in the case of Van Hoozer, Ex'r, v. Myers, Co. Treas., 98 Okla. 243, 224 Pac. 977.

Testimony of both parties was heard before the court, and at the close of all the testimony the court found that the proceedings in all respects were regular, and the appeal properly taken, and that plaintiff in error was a resident of the city of Guthrie, county of Logan, during the years which taxes were claimed against him and his property; that on the first day of the fiscal tax year of the years 1911, 1912, and 1913, the defendant was the owner of the $4,500 mortgage of the cash value of $4,500, and that taxes should be assessed against same for the years above mentioned, and that the same had been omitted from taxation, and ordered the same spread upon the tax rolls of Logan county for said years, and that the same bear interest at the penal statutory rates, and assessed the costs of the action against the plaintiff in error.

No motion for new trial was filed by plaintiff in error. The plaintiff in error gave notice of appeal from the judgment of the county court, and gave a supersedeas bond, and the cause comes regularly upon appeal to this court from the judgment of the county court.

Attorney for plaintiff in error urges as grounds for reversal: (1) That the county attorney had no authority to take the appeal from the county treasurer in his own name, and the court lost jurisdiction because the appeal was not heard and determined within 30 days after the same had been filed therein; (2) that the county court erred in overruling the objections of plaintiff in error to the introduction of any evidence; (3) that the court erred in not finding that the said personal property was not assessable against plaintiff in error, and in holding that the property was assessable against plaintiff in error.

The first proposition has been decided adversely to the contention of plaintiff in error in the case of Kramer, Co. Treas., v. Gypsy Oil Co., 68 Okla. 212, 173 Pac. 802, where this court said:

"Where escaped property is assessed by the county treasurer, and the taxpayer appeals to the county court, and secures a judgment annulling such assessment, the county attorney of such county may properly prosecute an appeal to this court from such judgment of the county court, and such cause is properly styled, 'In the assessment of the taxpayer,' naming him; and if to such properly styled case there be added the county treasurer as a party, the same is surplusage."

Again, this court held against the contention of plaintiff in error, in the case of In re Evans, 71 Okla. 87, 175 Pac. 510, where it is said:

"The state must of necessity perform its governmental functions through the person of chosen representatives, and when the county attorney appeals from an order refusing to add certain omitted property to the tax rolls, the fact that the state is not specifically mentioned as the appellant, or that an unnecessary party is added, is not fatal to the appeal."

On the contention that the cause was not heard within 30 days after appeal, this court decided adversely to the contention of plaintiff in error in the case of Hamilton v. International Bank of Haskell, 114 Okla. 28, 242 Pac. 858, where it was said:

"Section 9799, C. O. S. 1921, requiring the county court to decide certain cases on appeal within 30 days, is merely directory, and the county court does not lose jurisdiction to determine a case and render judgment therein after the lapse of such 30-day period." Following the case of Kinney v. Heatherington, 38 Okla. 74, 131 Pac. 1078.

On the other propositions raised by attorney for plaintiff in error, we find that no motion for new trial was ever filed; that no evidence is brought forth in the transcript of the proceedings or case-made, and, under such circumstances, nothing is presented to this court for its review, under the other errors complained of, under authority of City of Mangum v. Heatly, 49 Okla. 730, 154 Pac. 528; McMechan v. Christy, 3 Okla. 303, 41 Pac. 382; Devault v. Merchants' Exchange Co., 22 Okla. 624, 98 Pac. 342; Sumner et al. v. Sherwood, 25 Okla. 70, 105 Pac. 642.

It has been well settled by this court that, where questions of this character are attempted to be raised in this court on appeal, where no motion for new trial has been filed, and where the evidence is not preserved and brought up for review to this court by the record, the court will presume that the action of the trial court was correct, and is sustained by the evidence introduced, and will affirm the same.

After a careful examination of the record, the briefs of counsel and authorities therein cited, we are clearly of the opinion that the judgment of the county court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 1116. (2) 4 C. J. p. 1121, § 3111 (Anno); 37 Cyc. p. 1116. (3) 3 C. J. p. 963, § 850; 4 C. J. p. 532, § 2324; p. 735, § 2665; p. 786, § 2739; 2 R. C. L. p. 131; 1 R. C. L. Supp. p. 405; 5 R. C. L. Supp. p. 72.