### Ex parte STATE OF OKLAHOMA.

Circuit Court of Appeals, Tenth Circuit.
January 27, 1930.

No. 104.

James W. Irwin, Co. Atty., of Okmulgee, Okl., and R. W. Stoutz, of Tulsa, Okl., for petitioner.

John E. Curran, R. B. F. Hummer, and R. L. Foster, all of Tulsa, Okl., for respondent.

Before LEWIS, COTTERAL, and McDERMOTT, Circuit Judges.

LEWIS, Circuit Judge. A procedure to discover whether taxable property has not been listed and assessed, and to list it on the assessment rolls and assess it if it has been omitted, is provided for in the Oklahoma statute. Comp. Okl. Stat. 1921, c. 84, art. 13. Such procedure was properly instituted before the county treasurer of Okmulgee County against Independent Oil & Gas Co. of Delaware, on the claim that it had failed to list for taxation a named number of its tank cars for the years 1926 and 7, and of the taxable values of $96,000 in 1926 and $211,000 in 1927. After notice to the taxpayer the matter is first heard by the county treasurer. In this case he ruled in favor of the taxpayer. The statute provides for an appeal to the county court from the treasurer's decision, and the State appealed. The Oil & Gas Company then applied for and obtained from the county judge an order of removal to the United States District Court, on the ground of diverse citizenship and residence. The district judge overruled the State's motion to remand. Now the State comes here on petition for writ of mandamus to be directed to the district judge, commanding him to remand the cause to the county court, because (1) the State is the adversary complaining party; (2) the statutory procedure does not present a justiciable controversy; and (3) the procedure under the State statute is not a suit at law or in equity within the meaning of the removal statute (28 USCA § 71), but is one requiring the exercise of administrative action only.

The district judge filed a response to the petition and there is no denial that the procedure was in accord with the State statute. Were it not that in the brief filed for respondent there seems to be a desire or willingness that we pass upon the question of jurisdiction now, we would be disposed to follow the general rule, deny the extraordinary writ and leave the questions for consideration on appeal. In addition to this, the controversy is over the listing and assessment of property for general taxes, which, in public interest, should be settled with expedition. We will, therefore, pass upon the merits.

In the petition for removal it was alleged that J. R. Jones, County Treasurer, was the moving party and stood in the position of plaintiff, and there was diverse citizenship between him and the Oil & Gas Company of Delaware; that although the proceeding might have been ex parte in origin before the county treasurer the State had taken an appeal from the ruling of the county treasurer in favor of the Oil & Gas Company, and by reason thereof the proceeding had become adversary in the county court in that the said Jones was seeking to place omitted property upon the tax rolls of the county and assess it for taxes. There was also a general allegation that the proceeding was a suit of a civil nature between citizens of different States, the Oil & Gas Company, and the other parties standing in the position of plaintiffs, who were citizens and residents of Oklahoma; but no other party except Jones was named as standing in the position of plaintiff.

The supreme court of the State has definitely held that the State of Oklahoma is the only party interested in the enforcement of this statute, that in that respect it is the real party in interest, it is the taxing power and the controversy is between that power and the taxpayer for the purpose of collecting taxes upon omitted property, and that as a corporate entity it performs this governmental function through persons chosen to rep-

864

resent it. In re Evans, 71 Okl. 87, 175 P. 510; Kramer, County Treas., v. Gypsy Oil Co., 68 Okl. 212, 173 P. 802. Moreover, the allegation in the petition for removal that the county treasurer was the moving party in the proceeding, is in direct contradiction of the facts. The treasurer did not initiate the proceeding. It was initiated before him by an agent appointed by the board of county commissioners, under the statute, whose duty it was to investigate and make formal report to the county treasurer in event he discovered omitted property. On the receipt of that report the county treasurer notified the taxpayer and a formal hearing on the report was then held by the county treasurer, and he ruled in favor of the taxpayer. The State then appealed. No one else appealed. No one but the State and the Oil & Gas Company could in truth be said to be parties to the proceeding in the county court when the removal order was applied for and obtained. Hence, there was no diverse citizenship and the controversy was not removable. State Highway Commission v. Utah Construction Co., 278 U. S. 194, 49 S. Ct. 104, 73 L. Ed. 262; Hertz v. Knudson (C. C. A.) 6 F.(2d) 812.

Secondly, the supreme court of the State said this of the statute in Anderson v. Ritterbusch, 22 Okl. 761, 98 P. 1002, 1015:

"The proceeding before the treasurer is not an action at law, nor a suit in equity, but a summary proceeding of a quasi judicial nature. * * * A proceeding for the assessment and collection of taxes due on omitted property is not a civil action. It is a remedial proceeding, granted by the Legislature, conferring upon the treasurer a remedial right and duty, not heretofore existing, for the collection of taxes due on omitted property, and, as a matter of grace, the Legislature gave the taxpayer the right of appeal to the county court, where said summary proceeding may be heard de novo."

The removal statute permits only suits of a civil nature, at law or in equity, to be removed from a State to a Federal court. 28 USCA § 71. Both because the construction thus given to the statute by the highest court of the State, as well as on our own judgment, this was not a "suit of a civil nature, at law or in equity," and it was not removable.

Furthermore, the proceeding was not a justiciable controversy, it was purely administrative. In Pittsburgh, C. C. & St. L. R. Co. v. Board of Public Works, 172 U. S. 32, 19 S. Ct. 90, 93, 43 L. Ed. 354, quoting from State Railroad Tax Cases, 92 U. S. 575, 615,

23 L. Ed. 663, the court said: "The levy of taxes is not a judicial function. Its exercise, by the constitutions of all the states, and by the theory of our English origin, is exclusively legislative." And in Upshur County v. Rich, 135 U. S. 467, 10 S. Ct. 651, 652, 34 L. Ed. 196, the court, in speaking of tribunals provided for appeals taken by taxpayers from the assessment of their property, said:

"But, whatever called, it is not usually a court, nor is the proceeding a suit between parties; it is a matter of administration, and the duties of the tribunal are administrative, and not judicial in the ordinary sense of that term, though often involving the exercise of quasi judicial functions. Such appeals are not embraced in the removal act. * * * The fact that the board of appeal may swear witnesses does not make the proceeding a suit. Assessors are often empowered to do this without altering the character of their functions."

The court in that case then quotes approvingly from Pittsburgh, C. & St. L. Ry. Co. v. Board of Public Works, 28 W. Va. 264, the State in which that controversy arose, this:

"These authorities establish beyond the propriety of controversy, that the action and decision of a designated officer or board, whether the same be a court or other body, in reviewing and correcting an assessment of corporate or other property for taxation, are no more judicial acts than the acts of the officer or authority making the original assessment. They also show, that the decision or finding of such officer or board, even if the same be a court or other judicial tribunal, is not such a judicial act or judgment as can be reviewed by a supreme or appellate court possessing judicial powers only."

Counsel for respondent rely on Smith v. Douglas County (C. C. A.) 254 F. 244. When the facts in that case are considered it has no application to the questions presented here. There the assessment had been made before the controversy got into the State court, afterwards removed to the Federal court. It was admitted that the amount of the tax in that case was just, but the right to levy that kind of a tax on property was the matter in contest, and the sole inquiry was whether the property taxed was within the Nebraska inheritance statute. Federal courts may give relief from unlawful or fraudulent taxation where jurisdiction exists, but they have no power to act in an administrative capacity, legislative or executive, in the listing, valuation and assessment of prop-

erty for taxation. Those are not judicial functions.

The objections to the jurisdiction of the Federal court are well taken. If respondent, on being advised of our conclusions, fails to enter an order remanding the controversy to the county court of Okmulgee County, the writ, on application, may issue.