**NEW YORK LIFE INS. CO. v. MARTIN.**

No. 23435.   Nov. 13, 1934.

Wilson, Wilson & Owens, for plaintiff in error.

Glenn O. Young, for defendant in error.

BUSBY, J. This cause presents error from the superior court of Creek county, the appeal being by petition in error with case-made and transcript attached.

The facts, briefly stated, are that on April 14, 1931, Ruth M. Martin, a minor, by next friend, instituted an action for damages against the plaintiff in error, New York Life Insurance Company, and one J. C. Keith, in which it was alleged that the defendants and each of them were guilty of willful, wanton negligence. The plaintiff in error, hereinafter referred to as the company, filed a petition and bond for removal to the United States District Court for the Northern District of Oklahoma. This petition was presented to the trial court and by that court denied. The company within due time filed a transcript of the proceedings in the United States court. On September 18, 1931, the United States court sustained the motion of the plaintiff below to remand the case, holding that the petition was insufficient to present a removable case. No pleadings of any kind were filed in the state court by the company until September 21, 1931, although answer was due May 14, 1931. No order was made extending the time in the state court in which to plead or answer, nor was any order made, either by the state or federal court, staying the proceedings in the state court.

On September 21, 1931, the company, without any order of court filed a general demurrer to plaintiff's petition, and five days later plaintiff filed a motion to strike this pleading on the grounds that it was filed out of time and without permission of court. The mandate of the United States court remanding the case was filed in the state court on September 29, 1931. On September 28, 1931, the court sustained the motion of the plaintiff to strike the demurrer of the company, and the company was adjudged to be in default.

The company in its brief states that three questions of law are presented by the record, as follows:

(1) The appealable finality of the order of the trial court.

(2) The separate defendant's demurrer, having been filed before the order from the United States District Court remanding said cause was filed in the state court, was filed in time, and the decision of the trial court striking said demurrer is void on its face.

(3) The petition of the plaintiff entirely fails to state a cause of action against the separate defendant, New York Life Insurance Company.

We will consider the three questions in the order set out above. Following the doctrine laid down by this court in the case of Price v. Sanditen, No. 22801, 170 Okla. ---, 38 P. (2d) 533, and the case of Attaway v. Watkins, 25140 (rehearing pending), this day decided, we hold that the plaintiff in error herein should have appealed only after a judgment, if any, was rendered in this cause. Plaintiff in error was only declared "in default." If default judgment had been rendered, or "judgment had been rendered as per journal entry for the amount sued for," or evidence should have been heard on the part of the plaintiff in the trial court and judgment rendered, then an appeal would lie.

In the case of Loy v. McDowell, 85 Okla. 286, 205 P. 1089, this court said:

"In Wells v. Shriver, 81 Okla. 108, 197 P. 460, this court said:

"'Under the Oklahoma Code of Civil Procedure there can be but one judgment in an action.

"'A judgment is the final determination of the rights of the parties in an action. To constitute a judgment under the Code, it must judicially determine all of the issues raised by the pleadings except such as are waived or abandoned on the trial of the case.

"'A judgment must not only determine the rights of the parties in an action, but must conclude all further inquiry into the issues joined by the pleadings and leave nothing

further to be done except carry it into execution.' "

In the case of Oklahoma City Land & Development Co. v. Patterson, 73 Okla. 234, 175 P. 934, this court said:

"An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action."

See Mangum v. Heatly, 49 Okla. 730, 154 P. 528.

In the case of Tobly v. Dekinder, 85 Okla. 288, 206 P. 201, written by Mr. Justice McNeill, are the following statements:

"If such orders as entered in this case were appealable to this court for review before final judgment, there would never be any end to litigation. The errors complained of in this matter can be excepted to, and when the final disposition is made of the case, and the final judgment or decree entered determining the respective rights of the parties, be reviewed by this court on appeal. This court can then pass upon such questions as may be necessary. It may be the plaintiffs will be unable to establish their claim and the errors herein become immaterial, and likewise they may prevail in the lower court and the errors be immaterial."

And the syllabus of that case is:

"An appeal does not lie to this court from an order overruling a demurrer of the plaintiffs to portions of the defendant's answer, which order overruling the demurrer leaves the parties in court to have the issues tried on its merits."

In the Attaway v. Watkins Case, supra, we held:

"Under section 528, O. S. 1931, which provides that an appeal may be taken from an order which involves the merits of the action or some part thereof an appeal does not lie to this court prior to a final determination of the cause, from an intermediate or interlocutory order which strikes from the answer an alleged material defense, but which intermediate or interlocutory order leaves the parties in court to have the issues tried on the merits."

During the proceedings in the trial court in the case at bar, that court made the following statements:

"Let the record show that the defendant, New York Life Insurance Company, excepts to the ruling of the court in denying him the right to file demurrer or other pleading and adjudging him in default, and that they have given notice in open court of their intention to appeal from such ruling, and the statutory time is hereby allowed in which to prepare and serve case-made 30-10-5. * * *

"You understand there is no judgment here to supersede, it has not gone to judgment yet. It is untried until it is set for trial. You can't take a judgment until this question is threshed out—it would be foolish to take judgment until you dispose of that matter on appeal. * * *"

Since the appeal in this case is from an order declaring the defendants in default only, we hold that the same is not appealable and that the appeal should be dismissed.

Since we are sending the case back to the trial court, however, for further determination, we feel that the two other questions presented by plaintiff in error should be passed upon now so that the trial court will have the advantage of our holding.

The second proposition presented by the company challenges the jurisdiction of the trial court to proceed with the trial of the case after it had filed in that court a petition and bond for the removal of the case to the United States court, though the petition for removal did not state facts sufficient to present a removable cause.

With this contention we cannot agree. In support of this proposition the company cites and relies upon the language of this court in a companion case to the one at bar, New York Life Insurance Co. v. Beaver, Judge, 156 Okla. 134, 9 P. (2d) 429, written by Mr. Justice Heffner, as follows:

"During the time this cause was pending in the federal court, the jurisdiction of the state court was suspended. Upon remand by the federal court to the state court, we think the defendant, New York Life Insurance Company, should have been permitted to plead, and if, on proper application, the trial court refuses to vacate its former order and refuses to permit defendant to plead, the error can be corrected on appeal."

That case was an application for a writ of mandamus and for prohibition, as will be disclosed by the facts stated in the opinion, and the only questions submitted to the court for its determination were whether one or both of these extraordinary writs should issue. The statement is in the body of the opinion and is obiter dictum.

The question under discussion has been definitely and finally settled by the federal courts, including the Supreme Court of the

462

United States. In Madisonville Traction Co. v. St. Bernard Mining Co., 196 U. S. 239, 245 S. Ct. 251, 253, 49 L. Ed. 462, the court says:

"It is well settled that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made."

In Gulf Ref. Co. v. Morgan, 61 F. (2d) 80 (Fourth Circuit), the plaintiff sought to enjoin the plaintiff in a case filed in the state court from proceeding with the action in the state court after it had filed petition and bond for removal, and the court held:

"State courts need not surrender jurisdisdiction, if upon face of record, including petition for removal suit does not appear removable."

In St. Louis & S. F. R. Co. v. Hodge, 53 Okla. 427, 157 P. 60, this court said:

"A state court is not bound to surrender its jurisdiction of a pending action on a petition for its removal into the district court of the United States until a case has been made which on its face shows that the petitioner has a right to the transfer."

And to the same effect, see New England Oil & Pipe Line Co. v. Broyles, 87 Okla. 55, 209 P. 312.

In the case at bar, from the face of the record, including the petition for removal, the suit does not appear to be removable, and the state court refused to surrender its jurisdiction, as it had a right to do. It therefore follows that when the company failed on or before May 14, 1931, to move or plead, it was in default, the demurrer having been filed out of time and without leave of court. State Nat. Bank v. Lowenstein, 52 Okla. 259, 155 P. 1127.

It is not urged in this court that the trial court was guilty of an abuse of discretion in striking the demurrer, but that the decision of the court striking said demurrer is void on its face. The company being in default at the time the demurrer was attempted to be filed, and not having obtained leave of the court to file any pleading, the order striking it is not a nullity, and would at most be only an abuse of discretion, and would be subject to review in this court in the event a judgment was rendered and an appeal from it taken.

The next proposition urged is that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the company. The demurrer of the company has not been presented to the trial court, nor has that court passed upon it. No judgment has been rendered. In fact, the sufficiency of the petition has been in no way presented to the trial court. Under such condition there is nothing before this court for review. Tirey v. Darneal, 37 Okla. 611, 132 P. 1087; Proctor v. Harrison, 34 Okla. 181, 125 P. 479; Hausom v. Parker, 31 Okla. 399, 121 P. 1063.

As authority for its right to present this question, the company cites La Force et al. v. Haymes, 25 Okla. 190, 105 P. 644. However, in that case, judgment had been rendered by default in favor of the plaintiff, and this court held on appeal it had the authority to examine the petition in order to ascertain whether a cause of action was stated. No such condition exists here, since no judgment has been rendered. In the event of a judgment and appeal to this court, we would follow the rule in the case of Le Force v. Haymes, supra.

For the reasons herein stated, this appeal is dismissed and remanded to the trial court for further proceedings in accordance with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur. OSBORN, J., concurs. ANDREWS and BAYLESS, JJ., absent.